GEORGE F. COPE, CASHIER, RESPONDENT, *v.* MINNESOTA TYPE FOUNDRY CO. ET AL., APPELLANTS.

[Submitted June 15, 1897. Decided June 30, 1897.]

*Chattel Mortgages—Affidavit to, by Whom Made—Pleading.*

CHATTEL MORTGAGES—*Affidavit.*—Under Section 1538 of the Compiled Statutes, requiring the affidavit to a chattel mortgage to be made by the parties thereto, or, if any party be absent, by his agent or attorney, an affidavit which is signed by an agent of a party must show that such party is absent; and neither the body of the mortgage nor a pleading in an action concerning the same, can be used to support or explain the affidavit thereto.

SAME—Under said section, where the mortgage is made by certain persons who are further described as composing a copartnership, the affidavit must be made by the individuals in their own names and behalf, and not in the name of the firm by them.

SAME.—The affidavit to a chattel mortgage given to "A. B., cashier," may be by "A. B.," when the mortgage itself does not disclose any person or persons for whom he is trustee.

SAME.—A chattel mortgage which allows the mortgagee to remain in possession of the mortgage property is void as to creditors, unless it is filed in the proper office.

SAME—*Pleading.*—In an action brought by a second mortgagee against prior mortgagees in possession, the complaint will not sustain a judgment where it fails to allege the filing of the mortgage to plaintiff.

SAME.—In such an action, where the mortgage of the plaintiff has expired and has been renewed under Section 1542, Compiled Statutes, the complaint must allege the facts showing a compliance with the provisions of that section, and is fatally defective when it merely alleges "that on the 26th day of June the mortgage was extended to the 22nd day of June, 1896."

*Appeal from District Court, Lewis and Clarke County. Henry N. Blake, Judge.*

ACTION by George F. Cope, cashier, against the Minnesota Type-Foundry Company, J. Henry Jurgens, and Lucian · Eaves. A demurrer to the amended answer of defendants Jurgens and the Foundry Company was sustained. Judgment for plaintiff on the pleadings was entered, and said defendants · appeal. Reversed.

Statement of the case by the justice delivering the opinion.

On March 30, 1895, a chattel mortgage upon certain personal property in the City of Helena was signed to secure the payment of certain promissory notes of even date therewith. The instrument recited that it was between ''James B. Ross, Albert Frank, and Lucian Eaves, composing the firm of the Ross, Frank & Eaves Pub. Co., of the City of Helena, County of Lewis and Clarke, State of Montana, parties of the first part, and the Minnesota Type-Foundry Co., a corporation of the City of St. Paul, State of Minnesota, party of the second part.'' The affidavit attached to it was as follows:

''State of Montana, County of Lewis and Clarke—ss. : The Ross, Frank & Eaves Pub. Co., per Lucian Eaves, Jas. B. Ross, and Albert Frank, and the Minnesota Type-Foundry Co., per F. W. Smith, agent, the parties to the foregoing chattel mort-

gage, being severally duly sworn, each for himself says that the said chattel mortgage is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of the said mortgager. [Signed] The Ross, Frank & Eaves Pub. Co., by Lucian Eaves, Jas. B. Ross, Albert Frank.

"Subscribed and sworn to before me this the 14th day of March, A. D. 1895. Charles R. Craig, Notary Public. [Seal.]"

This mortgage was duly filed in the office of the County Clerk and Recorder of Lewis and Clarke County on March 14, 1895. Subsequently, on June 25, 1895, there was appended to it, as recorded, to further meet the requirements of the statute, an affidavit made by the secretary and manager of the Minnesota Type-Foundry Company to the effect that the mortgage had been made in good faith, etc.

On June 22, 1895, another chattel mortgage was executed upon the same property embraced in the first, to secure the payment of a promissory note payable 10 days after June 22, 1895. It recited that the indenture was between "Lucian Eaves, party of the first part, and George F. Cope, cashier, party of the second part." The affidavit to this mortgage was as follows:

"State of Montana, County of Lewis and Clarke—ss. Lucian Eaves and George F. Cope, cashier, the parties to the foregoing chattel mortgage, being severally duly sworn, each for himself says that the said chattel mortgage is made in good faith to secure the amount named therein, and without any design to hinder or delay the creditors of said mortgagor. [Signed] Lucian Eaves, George F. Cope, cashier.

"Subscribed and sworn to before me this 22d day of June, A. D. 1895. Frank D. Miracle, Notary Public."

The record fails to disclose that this second chattel mortgage was ever filed in the office of the county clerk and recorder.

On November 13, 1895, the notes secured by the first chattel mortgage having fallen due and being unpaid, the Min-

nesota Type-Foundry company caused J. Henry Jurgens, as sheriff of Lewis and Clarke county, to take possession of the mortgaged property for the purpose of selling the same in pursuance of the statute authorizing such a mode of foreclosure.

On the 19th day of November, 1895, George F. Cope instituted an action against the Minnesota Type-Foundry company, J. Henry Jurgens, and Lucian Eaves. The complaint, for a first cause of action (in claim and delivery) alleged that J. Henry Jurgens was the duly elected, qualified and acting sheriff of Lewis and Clarke county; that plaintiff was, and ever since had been, the cashier of the First National Bank of Helena, Montana, a corporation. It set forth the terms of the mortgage executed on June 22, 1895. It averred that on the 13th day of November, 1895, the note payable to said Cope, plaintiff, had become due, and that the plaintiff had acquired a right to take and sell the chattels mortgaged in the manner prescribed by law, and that on the date last aforesaid the defendant Jurgens, at the instance of the defendant Minnesota Type-Foundry company, a corporation organized under the laws of the State of Minnesota, without the consent of plaintiff, and wrongfully, had seized upon the foregoing chattels, and took the same into his possession, and ever since had retained the possession thereof. It alleged that plaintiff, deeming the possession of said property essential to the security of the payment of his said note, had demanded from the defendant Jurgens the possession of said property on November 14, 1895, but said Jurgens had refused to deliver up possession thereof, and continued to wrongfully withhold said property. It failed to aver that plaintiff's mortgage had ever been filed for record.

For a second cause of action in his complaint, plaintiff set forth the terms of the mortgage, the default, etc., to show that he was entitled to have his mortgage foreclosed as a first lien on the property in controversy. Among the averments was the following :

"(3) That on the 26th day of June the said mortgage was extended to the 22d day of June, 1896."

Again the complaint failed to state the mortgage had ever been filed for record.

The defendant Eaves defaulted. On the 15th day of January, 1896, the Minnesota Type-Foundry company and J. Henry Jurgens filed an amended answer to the complaint. This answer denied any wrongful seizure of the chattels in controversy by Jurgens, and denied any wrongful withholding of said property by said Jurgens. It further set forth the fact and terms of the mortgage executed on the 13th day of March, 1895, and the nonpayment of the notes secured thereby. This mortgage was attached to the answer as a part thereof, and had indorsed thereon that it had been filed for record. The answer averred that F. W. Smith, the person mentioned in the aforesaid affidavit to the mortgage, was a duly-authorized agent of the defendant the Minnesota Type-Foundry company in the matter of the execution of said mortgage. This mortgage was relied upon as a defense to plaintiff's claim.

As a further defense the answer alleged that, at the times mentioned in plaintiff's complaint, plaintiff was the agent and officer of the First National Bank of Helena, Montana, that the note was payable to him simply as the agent of said bank, and that plaintiff had no personal interest in said indebtedness, and had acted only as the agent of said bank both in reference to the taking of said note and the mortgage securing the same. It also set forth as a further defense that plaintiff had full notice of the existence of the chattel mortgage executed to the Minnesota Type-Foundry company, and was not a subsequent incumbrancer in good faith.

For a further defense it also alleged that the chattel mortgage on which plaintiff relied embraced property not included in the mortgage attached to the answer. It prayed for a foreclosure of the mortgage to said last-mentioned corporation, and that plaintiff's mortgage be declared subsequent and subservient thereto.

The plaintiff thereupon demurred to the answer on the ground that the same did not state facts sufficient to constitute a defense or counterclaim.

The District Court sustained the demurrer, and shortly afterwards granted a motion for judgment on the pleadings. The appeal is from this judgment.

*McConnell, Gunn & McConnell,* for Appellants.

*Toole & Wallace,* for Respondent.

BUCK, J.—The affidavit of March 14, 1895, attached to the chattel mortgage executed to the Minnesota Type-Foundry company, was wholly insufficient. At the time said affidavit was made, Section 1538, Compiled Statutes 1887, was in force. Said section required a chattel mortgage to be accompanied by an affidavit of all the parties thereto.

This section is as follows : ''No mortgage of goods, chattels or personal property shall be valid as against the rights and interests of any other person than the parties thereto, unless the possession of such goods, chattels or personal property be delivered to and retained by the mortgagee, or the mortgage provide that the property may remain in the possession of the mortgagor, and be accompanied by an affidavit of all the parties thereto, or, in case any party is absent, an affidavit of those present and of the agent or attorney of such absent party, that the same is made in good faith to secure the amount named therein and without any design to hinder or delay the creditors of the mortgagor, and be acknowledged and filed as hereinafter provided.''

In *Leopold* v. *Silverman,* 7 Montana 266, 16 Pac. 580, this section was construed, and the court held that the absence of a party to a chattel mortgage should be clearly set forth in the affidavit itself before an agent could make the oath required by the law.

Appellants urge that the fact that the Minnesota Type-Foundry company was absent from the state at the time of the execution of the mortgage sufficiently appears from the recital in the body of the mortgage that it (said Minnesota Type-Foundry company) is a corporation of the City of St. Paul, State of Minnesota. Plaintiff's complaint also avers that the

Minnesota Type-Foundry company is a corporation organized
under the laws of the State of Minnesota. But neither the
recital in the mortgage nor the said averment in the complaint
can avail the appellants in this contention. While it is true
that the domicile of a corporation is ordinarily the state of its
creation, still a corporation organized in one state can acquire a
domicile in another for the purpose of transacting its business.
Moreover, it was expressly held in *Butte Hardware Co.* v.
*Sullivan*, 7 Montana 307, 16 Pac. 588—and the doctrine was
reiterated in *Baker* v. *Power*, 7 Montana 326, 16 Pac. 589—
that the body of a chattel mortgage cannot be looked to for
the purpose of supporting or explaining the affidavit thereto.
These cases on the subject of chattel mortgages impress us
as somewhat narrow in their construction of the chattel mort-
gage laws of Montana in relation to affidavits, but they have
been relied upon so long that we deem it our duty to sub-
stantially adhere to them.

For another reason, also, this affidavit to the chattel mort-
gage executed to the Minnesota Type-Foundry company is
insufficient.

In *Butte Hardware Co.* v. *Sullivan, supra*, a chattel mort-
gage was considered by the court which recited that it was
between "M. and P., partners under the firm name of Max-
well & Price, parties of the first part, and H., B., S., D.,
and C., partners under the firm name of Hoge, Brownlee &
Co., parties of the second part;" and the court held that said
mortgage was executed by individuals to individuals, and that
the recitals of the firm names were mere *descriptionœ per-
sonarum*.

Tested by this rule, the mortgage we are now considering
was executed to the Minnesota Type-Foundry company by
Ross, Frank, and Eaves as individuals, and not as a firm.
The affidavit purports to be made by the Ross, Frank & Eaves
Publishing company, per Eaves, Ross and Frank. It should
have been made by Ross, Frank, and Eaves personally. An
oath cannot be taken vicariously. A. cannot go before an
officer authorized to administer oaths, and swear that B. makes

affidavit to a certain condition of facts. An oath is a purely personal act. An agent may swear in behalf of his principal when the law permits it, but the oath nevertheless is his own personal act.

We shall next consider the affidavit attached to the chattel mortgage executed by Eaves to Cope, cashier.

We are of the opinion that this affidavit is sufficient under section 1538 Compiled Statutes 1887, *supra.* It is true that certain language in the case of *Leopold* v. *Silverman, supra* (see pages 280, 281, 7 Montana, and page 584, 16 Pac.), appears to indicate a contrary view.

The court said in that case : ''A further defect suggested in the affidavit is this : That there is nothing in the mortgage or affidavit to show the connection of Bohm Bros. & Co. therewith, and that, although the pleadings and accompanying affidavit show that the note secured by the second mortgage includes a sum of money due to Bohm Bros. & Co., no one even pretends to make oath to the mortgage in their stead. This objection is certainly fatal. It is not even attempted to comply with the law on their behalf, and for this reason, also, the affidavit must be held to be defective.''

This language was used after the court had held that the affidavit under its consideration was void. It was in no wise necessary to a decision of the case, and we think was used hastily. Where a chattel mortgage between two persons does not disclose any person or persons for whom one of them is a trustee, to hold that any other person than those named therein as parties should make the affidavit required by the statute would be contrary to the spirit of the statute requiring the affidavit. We therefore hold that this affidavit to the mortgage given by Eaves to Cope is sufficient.

We decide these questions raised in reference to the validity of these two mortgages for the guidance of the court below. This case must be reversed for the following reasons : Plaintiff's complaint nowhere alleges or suggests that the mortgage on which he relies was ever filed in the office of the county clerk and recorder of Lewis and Clarke county. Section

1541, Compiled Statutes 1887, is as follows: "Every mortgage of goods, chattels or personal property made, acknowledged and filed as provided by the laws of this state shall thereupon, if made in good faith, be good and valid as against the creditors of the mortgagor or subsequent purchasers or mortgagees, from the time it is so filed until the maturity of the entire debt or obligation secured thereby and for the period of sixty days thereafter. Provided, that the entire period of time such mortgage shall be valid and binding against the creditors of the mortgagor and subsequent purchasers and mortgagees shall not exceed one year and sixty days except by a compliance with the provisions of Section 1542 of this act."

Considering the complaint of plaintiff and the answer together, for all that appears plaintiff had never filed his mortgage for record. If he did not, how could it be claimed that his mortgage was superior to the one executed to the Minnesota Type-Foundry company?

It in no wise appears that plaintiff's mortgage was in force, as against the Minnesota Type-Foundry company, at the time the latter corporation caused the sheriff of Lewis and Clarke county to take the chattels in controversy into his possession. From the averments in the first cause of action, which plaintiff attempts to set forth in his complaint, it does not appear that his mortgage was valid as to any one except Eaves, the mortgagor, or a bare trespasser. There is nothing to suggest any filing thereof, or to negative an inference that it had become inoperative through lapse of time, even on the assumption that it had been filed at the date of its execution. The allegation in what plaintiff attempts to set forth as a second cause of action, "That on the 26th day of June the said mortgage was extended to the 22d day of June, 1896," is the statement of a mere legal conclusion. There was no necessity even for any denial of it in the answer of appellants.

Section 1542, Compiled Statutes 1887, is as follows: "Every mortgage of goods, chattels or personal property made, acknowledged and filed as provided by the laws of this

territory may be renewed at or before the maturity of the debt or obligation secured thereby in case such debt or obligation or any part thereof be unpaid or unfulfilled by filing an affidavit showing the date of such mortgage, the name of the mortgagor and mortgagee, the date of filing the same, the amount of the debt or obligation secured thereby, and the amount of the debt justly owing at the time of filing such affidavit or the conditions of the obligation unfulfilled, the time to which the same is extended, which time shall not exceed one year, and that such debt or obligation was neither made nor renewed or extended to hinder, delay or defraud the creditors or subsequent mortgagees of the mortgagor, which affidavit shall be subscribed and sworn to by the mortgagee before an officer authorized to administer oaths, and filed in the office where such mortgage therein described is filed, and thereupon the clerk and recorder of deeds of such county shall attach such affidavit to the mortgage therein described and note the date of filing thereof opposite the entry of the mortgage therein described in the book provided by law for the entry of chattel mortgages and thereby such mortgage shall be renewed, continue and be valid and of full force and effect upon the goods, chattels or personal property described therein for the time stated in such affidavit, not to exceed one year.''

Under this last-quoted section, it was incumbent upon plaintiff to have alleged a compliance with this law in order to have established any right acquired thereunder. He says his mortgage was extended. Could the court have inferred from this that said Section 1542 had been complied with? We think not.

It is hardly necessary to cite authorities to show that this averment is a statement of a mere legal conclusion. They are numerous. We call attention, however, to the case of *Clark* v. *Lineberger*, 44 Ind. 224, as clearly pointing out the reasons why such an averment should be deemed insufficient.

The lower court erred in sustaining the demurrer to appellants' answer.

The cause is remanded, with directions to the District Court to overrule plaintiff's demurrer.

*Reversed and Remanded.*

Pemberton, C. J., and Hunt, J., concur.