## COLUMBUS MERCHANDISE CO. v. KLINE.

(District Court, S. D. Ohio. 1917.)

1. SALES &⪢451—CONDITIONAL SALE CONTRACT—LAW GOVERNING.

A conditional sale contract for property, which is delivered and to be resold in the same state, is governed by the law of that state.

2. BANKRUPTCY &⪢184(2)—LIENS—CONDITIONAL SALE CONTRACTS—SUFFI-CIENCY OF RECORD—"THEREON."

Gen. Code Ohio, § 8568, provides that the condition, in conditional sale contracts retaining title in the seller until the property is paid for, shall be void as to subsequent purchasers and mortgagees in good faith and creditors of the purchaser, unless the conditions are evidenced by. writing signed by the purchaser "and also a statement thereon under oath," made by the seller or his agent, of the amount of the claim, and the same, or a copy thereof, be filed with the county recorder of the county where the purchaser resides. The statute contains similar provisions respecting chattel mortgages. Such instruments are not required to be recorded, but merely filed and indexed. At various times during more than two years claimant sold and delivered machinery to bankrupt under separate contracts, taking notes therefor. Such contracts were not filed for record, but a short time before the bankruptcy claimant took seven renewal notes; each being a conditional sale contract and describing the property covered thereby. Its agent made an affidavit on a separate sheet, stating the aggregate amount due on the notes and of the property, as though it was a single transaction. This sheet and the notes were attached together by a brass fastener and filed. *Held* that, under the rule of the Ohio courts requiring strict compliance with the statute, the affidavit, being readily removable from any one or all of the several contracts and giving an opportunity to substitute others, was not indorsed "thereon," as required by the statute, and was insufficient to sustain the seller's claim of prior right to the property as against general creditors of the bankrupt.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Thereon.]

In Bankruptcy. In the matter of George W. Kline, bankrupt. On review of order of referee denying claim of International Harvester Company of America to certain property. Order confirmed.

Watson, Stouffer, Davis & Gearhart, of Columbus, Ohio, for plaintiff.

O. H. Mosier, of Columbus, Ohio, for International Harvester Co.

SATER, District Judge. The International Harvester Company (hereinafter called the vendor) and the defendant, Kline, as vendee, on October 12, 1912, entered into a contract of conditional sale for certain farming implements which were delivered to the vendee. On October 24, 1913, he gave his note for their price. A series of other like contracts were entered into in the years 1913 and 1914 under each of which like property was delivered to Kline, who was engaged

in the business, inter alia, of selling farming implements, and at the settlement made with him by the vendor, towards the end of each of such years, for goods furnished under each of such contracts, he gave it, conformably to such contract, his promissory note of the ordinary form for all unsold goods received by him under it. Each of the contracts contained the provision that:

"The title to, and ownership of, all goods which may be shipped under the terms of this contract, shall remain in and their proceeds (in case of sale) shall be the property of International Harvester Company of America, and subject to the order of said company until full payment shall have been made by the purchaser to said company for said goods or of any notes taken for the purchase price thereof, but nothing in this clause shall release the purchaser from making payments as above stipulated."

No affidavit was entered on any of said contracts, nor were any of them ever filed for record in the office of the county recorder of Hocking county, Ohio, in which county Kline resided. On January 9, 1915, seven other notes were given by Kline to the vendor in alleged renewal of those hereinbefore mentioned. Each of such renewal notes specified the property for which it was given and related to and was for a separate contract or shipment, and contained this provision:

"This note is given for [here follows a description of the property sold]. I agree that the title thereto, and to all repairs and extra parts furnished, shall remain in said company, its successors and assigns, until this and all other notes given for the purchase price shall have been paid in money. If I fail to pay this note when due, or if said property is misused or seized for my debts, the holder of this note may seize and sell the same at public or private sale, with or without notice, pay all expenses thereby incurred, and apply the net proceeds upon this note and other notes given for the purchase price thereof, whether due or not due, and retain all payments before made as rent for the use of said property. I expressly agree to pay any balance on this note remaining unpaid after such property is sold, or if the same be burned or otherwise damaged or destroyed after its delivery to me."

On January 29, 1915, an agent of the vendor duly subscribed and swore to a typewritten affidavit before a notary public, which recites:

"That Exhibits A, B, C, D, E, F, and G, hereto attached, are true and correct copies of seven certain notes executed and delivered to said corporation, evidencing the conditional sale by said corporation as the vendor of the following described property:
"5 No. 1 cream harvesters.
"5 I. H. C. spreaders.
"8 8–8, 6 9–7, and 2 10–7 Empire Jr. grain drills.
"1 6-ft. McCormick binder.
"16 Peg. Sec. 1-2 in. teeth, 1 riding and 1 walking cultivator.
"1 S–D 9-ft. rake.
"1 Hoosier alfalfa seeder.
"3 in. oil, 1–3¼ oil wet wagons, 1–3 in. and 2–3¼ Cols. wagons
—to the maker of said notes. That of the amount specified to be paid for said property, there is unpaid the said vendor the sum of two thousand six hundred ninety-three and 90/100 dollars ($2,693.90) and interest as specified therein."

Copies of such seven purported renewal notes, with the above mentioned affidavit attached to them as an entire lot by a McGill brass fastener, were filed with the recorder of Hocking county on January 30th. On March 12th following the American Wire & Steel Company

obtained a judgment against Kline for $2,136.68. On April 3d, the Livingston Seed Company took judgment against him for $188. On April 9th executions issued on such judgments and the sheriff levied on that day on the bankrupt's property and closed his place of business. On April 15th at 11:15 a. m., an involuntary petition in bankruptcy was filed against Kline. Adjudication was had four days later. A trustee was duly elected, and having qualified, took possession of the bankrupt's property and also, in so far as he was able to do, of that mentioned in the renewal notes.

The vendor claims that the sheriff and the attorney of the American Wire & Steel Company released the property named in the notes from the levy made in behalf of such company, but there is no claim of a release of the levy made by the Livingston Seed Company. The vendor further claims by reason of the filing of its so-called renewal notes that its rights were preserved and that it is entitled as owner to the goods delivered by it to Kline. It obtained possession of a portion of the property and still retains the same, its contention being that possession was taken on the morning of April 15th before the petition in bankruptcy was filed.

The validity of such taking and the claim of release by the sheriff are disputed by the trustee in bankruptcy, one of the grounds being that in bankruptcy fractions of a day are disregarded, which point need not be decided. The trustee also petitioned to preserve the lien of the judgments and execution levies for the benefit of Kline's general creditors. His prayer in that behalf was sustained by the referee, who further found that as to certain property mentioned in the renewal notes the trustee was entitled to possession and also to a considerable amount of the property of which the vendor took charge on the day the petition in bankruptcy was filed, the reasons for which need not be here stated. The vendor seeks a review of the referee's order, except as to certain undelivered property which it was permitted to retain.

Each of the so-called renewal notes is a contract of conditional sale as regards the property mentioned in it, was manifestly intended to supersede the original contract in which such property is specified, and embraces terms not found in the original contract. Were such notes verified and filed as required by law?

[1, 2] As the property was delivered in Ohio, for sale in that state, the Ohio statute as to conditional sales controls. Title Guaranty Co. v. Witmire, 195 Fed. 41, 43, 115 C. C. A. 43; Potter Mfg. Co. v. Arthur, 220 Fed. 843, 845, 136 C. C. A. 589, Ann. Cas. 1916A, 1268. Section 8568, G. C. of Ohio, provides that the condition in a contract of sale of personal property that the title to such property shall remain in the vendor until the property shall have been paid for, shall be void as to all subsequent purchasers and mortgagees in good faith and creditors—

"unless the conditions are evidenced by writing, signed by the purchaser * * * and also a statement thereon [i. e., on the contract], under oath, made by the person selling * * * the property, his agent or attorney, of the amount of the claim, or a true copy thereof, with an affidavit that it is a copy, be deposited with the county recorder of the county where the person

signing the instrument resides at the time of its execution, if a resident of the state, and if not such resident, then with the county recorder of the county in which the property is situated at the time of the execution of the instrument."

Section 8564, relating to chattel mortgages, directs that:

"The mortgagee, his agent, or attorney, before the instrument is filed, must state thereon, under oath, the amount of the claim, and that it is just and unpaid, if given to secure the payment of a sum of money only," etc.

On account of the similarity of statutory provisions touching chattel mortgages and contracts of conditional sale, decisions touching the original filing of the one are applicable to the original filing of the other. Hamilton v. David C. Beggs Co. (C. C.) 179 Fed. 949, approved in Cincinnati Equipment Co. v. Degnan, 184 Fed. 834, 842, 107 C. C. A. 158. The state Supreme Court has never, in so far as diligent counsel and myself have been able to discover, been called upon expressly to decide whether a chattel mortgage or a contract of conditional sale, which has been filed with the proper recording officer, having no affidavit made thereon, but merely an affidavit on a separate sheet attached thereto by fasteners, as in the present case, is valid as against the vendee's creditors; but in several instances in opinions and syllabi (which in Ohio state the law of the case) are utterances that in the case of chattel mortgages the affidavit must be on the mortgage itself. Blandy v. Benedict, 42 Ohio St. 295, 297, 298; Benedict v. Peters, 58 Ohio St. 527, 51 N. E. 37; Hanes v. Tiffany, 25 Ohio St. 549; Cross, Trustee, v. Carstens, 49 Ohio St. 548, 574, 31 N. E. 506; Ashley v. Wright, 19 Ohio St. 291; Gardiner v. Parmalee, 31 Ohio St. 551; Voss v. Murray, 50 Ohio St. 19, 32 N. E. 1112; Boyer v. Knowlton Co., 85 Ohio St. 104, 113, 97 N. E. 137, 38 L. R. A. (N. S.) 224. The intermediate and trial courts have expressed themselves to the same effect. See National Cash Register Co. v. Closs, 32 Ohio Cir. Ct. R. 649 (12 N. S. 15); Engleright v. Annesser, 10 O. C. D. 406; Id., 19 Ohio Cir. Ct. R. 73, 75, 76; National Cash Register Co. v. Friedlander, 4 Ohio Dec. 347 (7 N. P. 170, 171); Re Merling, 5 Ohio S. & C. P. Dec. 390 (1 N. P. 35, 37).

The rule of strict compliance to preserve the priority of the chattel mortgagee or the vendor who makes a conditional sale obtains. Benedict v. Peters, supra; Boyer v. Knowlton Co. supra; Boyer v. Howland, 31 Ohio Cir. Ct. R. 139 (11 N. S. 564, 568); National Cash Register Co. v. Closs, supra; Engleright v. Annesser, supra; Whitaker v. Westfall, 1 O. C. D. 509; Id., 2 Ohio Cir. Ct. R. 321, 322, 323. In National Cash Register Co. v. Closs, supra, it was expressly ruled that a contract of conditional sale which has been filed, but which bears no affidavit other than one written upon a separate sheet of paper and attached to such contract, is insufficient and not in compliance with the statutory requirement. The manner of attachment in that case is not stated. The same court, but differently constituted as to its majority, overruled the Closs Case in Oglesby v. National Box Board Co., 25 Ohio Cir. Ct. R. N. S. 61, and held that the attachment of an affidavit on a separate sheet by brass fasteners to the contract was sufficient,

relying on Norman v. Shepherd, 38 Ohio St. 320. An examination of the Norman Case, however, differentiates it, in my judgment, from the Oglesby Case. In the Norman Case the court found that the mortgage was so written that no fraudulent use could be made of it without actual forgery, and that the crime could be as easily perpetrated by writing a whole mortgage as the half of one. It further held that there is no Ohio rule requiring a deed or a mortgage (i. e., the body of such instrument) to be written entirely upon one sheet of paper. The statutory requirement (section 8510) that the certificate of the officer taking the acknowledgment of a deed, lease or mortgage shall be "on the same sheet" on which the instrument is printed, or written was said to have no application to the case then under consideration and that such case was distinguishable from Winkler v. Higgins, 9 Ohio St. 599, in which a deed was held not to be executed according to law because the acknowledgment thereof was on a separate sheet of paper and attached to the deed by a wafer. The statute fixes the place on which the oath to a chattel mortgage or contract of conditional sale is to be located, just as it determines the place for locating the certificate of acknowledgment to a deed, lease or mortgage. The location designated in each instance is on the instrument itself. If an affidavit on a separate sheet be so securely attached to a chattel mortgage or contract, by means of some adhesive substance or otherwise, that its removal would result in the mutilation of the instrument, or leave behind sufficient evidence that the instrument had been tampered with, I doubt not but that such instrument, when properly filed, would be held sufficient.

As neither the Closs nor the Oglesby Cases are binding on a federal court, because not decided by the state's highest judicial tribunal, this court is at liberty to adopt its own views, and is inclined to believe that the right result was attained in the Closs Case, unless the affidavit was so affixed that it could not be removed without leaving behind proof that the instrument as originally filed had been tampered with. To hold that the affidavit to a chattel mortgage or a contract of conditional sale of personalty need not be on the instrument, and that it may be merely fastened thereto in an easily removable manner or in any manner which will not afford evidence of removal, if its detachment be made, is to hold that the syllabi of such cases as Blandy v. Benedict, Benedict v. Peters, and Hanes v. Tiffany are mere dicta. Note also the language of Cross v. Carstens and Voss v. Murray. A federal court, in view of such repeated announcements, may well assume, until the Supreme Court has modified the same, that such utterances correctly state the Ohio law. The rule thus announced does not militate against the modern use of the typewriter in the preparation of legal instruments, for the reason that the pages of such instruments may be so fastened or pasted together as to be nondetachable and the affidavit may still be written thereon, or, like the acknowledgment to a deed, be made an integral part thereof. Unless some such method be pursued, if an instrument of the character in question be inclosed in a cover and the county recorder enters the date of filing on such cover, the removal of one or more pages and the

substitution of others in their stead is not a difficult matter, especially in view of the fact that such instruments may be temporarily withdrawn from the files. Stevenson v. Colopy, 48 Ohio St. 237, 27 N. E. 296. As the law is satisfied by the mere appropriate filing of a duly verified chattel mortgage and contract of conditional sale and does not require their recording, the opportunity for making alterations in such instruments is greater than in the case of deeds, mortgages, and leases whose recording is required.

The Ohio statute is exacting as to the location of affidavits and acknowledgments on the instruments requiring the same, and the safeguards against fraud which the statute has thrown about them have been scrupulously preserved by the Supreme Court, as I interpret its decisions. As the vendor cannot for other reasons prevail, it is not necessary, however, for the purposes of this case, to determine which of the opposing conclusions reached in the Closs and the Oglesby Cases respectively is correct. In each of those cases, and in every reported case that has come under my observation, there has been but one chattel mortgage or contract of conditional sale concerned. In this case seven separate contracts (each note being a contract of conditional sale), with an affidavit on a separate sheet, are all held together by an easily removable brass fastener. The goods for which the respective notes or contracts were executed were furnished at different times under distinct sales and under different original contracts. The date on which the goods were delivered whose price is represented by any given note is not stated in such note. The affidavit recites that the notes evidence "the conditional sale (not conditional sales) * * * of the following described property." It does not show that each note represents the value of goods contained in a separate shipment made in pursuance of a distinct contract entered into on a given date, or that there were, as the fact is, as many contracts and shipments as there are notes. It does not contain a statement of what goods were delivered at any one time or what amount is due on any note for goods so delivered. The amount due on the seven contracts (notes) is stated in the aggregate and as if such amount represents a single transaction. The affidavit, fairly interpreted, means that the goods were all shipped at one time and represent a single sale, and consequently does not speak the truth.

The vendor was compelled to resort to extrinsic evidence, written and parol, to show when the goods were delivered for which the notes were executed—some being delivered in 1913, others in 1914, and still others in 1915. The date of maturity of the remaining notes is not stated. The statute characterizes as an instrument every deed, mortgage, lease (section 8510), chattel mortgage (sections 8562, 8563, 8564), and every contract for the conditional sale of personal property (sections 8568, 8569, 8571). Each contract of conditional sale, as well as each of such other instruments of whatever kind, is treated as a distinct and separate entity. The law contemplates that it shall be complete within itself. In this connection it may be noted that sections 8562 and 8569 require the county recorder to indorse on each chattel mortgage and contract of conditional sale the date on which

it was filed, which indorsement, if a certified copy of the instrument be made, must appear in such copy (section 8571).

The law intends that every instrument belonging to either of such classes shall speak the truth and fix with all reasonable certainty the rights of the parties to it. If, in the instant case, any one or more of the notes in question should be paid, the vendee would at once be entitled to have the same delivered to him; but this would involve the unfastening and opening up of the package of notes for the removal of the note or notes which have been satisfied, and a refastening together of those remaining—a procedure not contemplated by .the statute—after which the affidavit, in whatever aspect' viewed, would cease to represent the amount claime'd to be due. If the satisfied note or notes be not delivered to. the vendee and should the property mentioned therein remain in his possession, ·he would, as to prudent purchasers, be obstructed in its sale, although the title thereto would have fully passed to him; and his creditors, relying on the disclosures made by the notes and affidavit, might be hindered and delayed and perhaps entirely defeated in the collection of their just claims. Should any note not be paid at maturity, the right to sue thereon as an independent cause of action would at once arise. The vendor would not, however, be able to prove compliance with the law and maintain his right to the property described in such note as against any subsequent purchaser or mortgagee in good faith, or as against any creditor, because the affidavit neither states the amount of such note nor does it correctly or specifically set forth the property for which such note was given. Parol evidence would be necessary to establish the relations of the vendor and vendee and the nature of the transaction between them, but this is not permissible, nor was the statute framed to meet contingencies such as are above . enumerated. The rule stated in Benedict v. Peters as to chattel mortgages is applicable. It is said (58 Ohio St. at pages 534 and 535, 51 N. E. at pages 37, 38):

"The statement required by this section to be made under oath by the mortgagee on the mortgage, as to the amount of his claim and that it is just and unpaid, is vital to the spirit of the statute in the light of the mischief it was intended to prevent. It subjects the conscience of the party to the severe test of an oath as to the amount and justice of his claim to be secured by the mortgage. * * * All that is required to make it a mortgage as against creditors must appear upon the instrument filed as such. It cannot be helped out by parol."

Gardiner v. Parmalee, 31 Ohio St. 551, cannot be rightfully claimed as an authority favorable to the vendor, because the affidavit in that case related to but one mortgage in which the notes were fully described. The statement of the amount due in the affidavit coincided with the amount shown in the mortgage.

If the claim of the vendor may be upheld, a person may, in his dealings with another, accumulate any number of chattel mortgages or contracts of conditional sale of personal property, no two of which relate to the same transaction, bear the same date, describe the same property, or designate the same amount.as due, and withhold them at his pleasure from the files of the county recorder and at his conven-

ience make oath as to them all on a separate sheet of paper, fasten such oath and the instruments together into a single package, and preserve his rights as to each of such instruments by filing the package as an entirety. What entry or entries the county recorder would make on the index which he is required to keep under section 8562 is not apparent. If he should index the instruments separately, the affidavit will not meet the statutory requirements of any one of them. To index them as a single instrument is to disregard the obvious fact disclosed by the package itself that there has been filed with him not a single instrument, but a number of instruments.

The vendor's claim of prior right to the property by virtue of its contracts (notes) cannot be sustained. The referee is affirmed.