**In re CHINESE TEMPLE RESTAURANT CO.**
No. 21757.

District Court, N. D. Ohio, E. D.
June 9, 1931.

946

the instrument, as required by section 8568, General Code of Ohio. There is nothing in the affidavit that identifies it with the contract executed, except that it is fastened thereto by wire staples and bears the same filing date of the recorder, although neither number nor hour of filing appears on the contract.

That other considerations in the facts were decisive in Columbus Merchandise Co. v. Kline (D. C.) 248 F. 296, does not alter the rule nor leave in doubt the exacting requirements of the Code. Every departure from clear and express provisions enacted for safeguarding against fraud weakens the force of the law and creates exceptions where none are provided or intended. Where the language of the statute is plain and unambiguous, there should be no need for straining interpretations.

Order of referee confirmed; petition to review dismissed.

Joseph G. Ehrlich, of Cleveland, Ohio, for Hobart Mfg. Co.

Bernard H. Schulist, of Cleveland, Ohio, for Francis J. Voltz.

Alfred I. Soltz, of Cleveland, Ohio, for the bankrupt.

JONES, District Judge.

The blank on which is indorsed the sworn statement of the unpaid sum appears to be a different type of contract from that containing the conditions and executed by the parties. The sworn statement here is not on the instrument, and could be readily removed without mutilation. No reason appears why the statement or affidavit was not placed on