**HEADLEY v SCHULTZ et**

Ohio Appeals, 3rd Dist, Seneca Co

No 229. Decided April 13, 1933

Ora R. Wade, Fostoria, for plaintiff in error.

Frick & D'Arcy, Tiffin, F. A. Hinchey, Tiffin, for defendants in error.

**KLINGER, J.**

From the record made in this case there is no dispute but what there was due Headley from Lucius, the sum of $140.00 on account of unpaid rent. There is also no dispute about the claim of Peter Schultz for $1950.73, and that the chattel mortgage was given Schultz to secure the payment, and among other items mentioned in the chattel mortgage, were "crops," and the only question for this court to decide, in the light of these admissions, is, does Peter Schultz, by virtue of the chattel mortgage, have a prior lien on the wheat crop on the Headley lands? The decision of this question depends upon the sufficiency of the language used in the chattel mortgage.

The chattel mortgage describes a number of articles known as farm implements, and live stock of various kinds, and then uses the word "crops." There is nothing in the chattel mortgage that would indicate where the crops were located; neither the county, the township or the section is indicated; there is nothing to indicate on whose farm or what crops were contemplated; it does not indicate whether it contemplated growing crops or harvested crops.

In the opinion of this court, the term "crops" is too indefinite.

According to the Standard Dictionary,. this word might have reference to vegetables, cereals, grasses produced on the farm; it might have reference to growing crops; it might have reference to harvested crops produced on the farm; it might have reference to both; it might have reference to a crop of ice harvested in the winter time from a pond; it might have reference to a crop of minerals such as coal, and so forth.

In the case of Eggert v White, 59 Iowa, 464, the Supreme Court of Iowa held: "One who claims the crops under a chattel mortgage describing the property as 'all and the entire crop of flax and wheat and other grain ` and produce raised on this land,' Held: that the description of the property was too indefinite and uncertain."

While it is generally held that chattel mortgages with reference to the description of property conveyed, should be liberally construed, nevertheless there must be sufficient identification to apprise of its location and the kind and character of property contemplated by the parties. 7 Ohio Jurisprudence, pages 295 and 296. In Re: Cleveland Metal Roofing & Ceiling Company, United States District Court for the Northern District of Ohio, Eastern Division, Ohio Law Bulletin and Reporter, October 3, 1932, page 121.

A chattel mortgage is ineffective as a lien which fails to show the location of the property or the residence of the mortgagor, and merely describes the mortgaged property as "crops." See Stewart v Clemens, 66 A.L.R. page 1454, and cases therein referred to. See also, Ruling Case Law, Volume 5, Permanent Supplement Edition, §60; 252 Federal, 849; Fergen v Occident Elevator Company, 200 Northwestern, 38; Jones on Chattel Mortgages, Fifth Edition, §55a-6; Corpus· Juris, Volume 11, page 538.

For these reasons, the finding of the Court of Common Pleas will be reversed.

GUERNSEY, J, concurs.

CROW, J:

I concur in the judgment of this court which reversed the judgment of the Common Pleas Court in favor of plaintiff, and entered judgment for defendants, on the following authorities set forth in the minutes on the trial docket of this court, namely: 7 Ohio Jurisprudence, 295, 296. In Re Cleveland Metal Roofing and Ceiling Co., United States District Court, Eastern Division, Ohio Law Bulletin and Reporter, October 3, 1932, page 121. Funk and Wagnall's Standard Dictionary definition of "crop."

Those authorities very clearly and in my opinion, amply, state the law applicable to the only point in controversy in the instant case.