THE CONNECTICUT MUTUAL LIFE INS. CO. *v.* THE SHELLY SEED CORPORATION OF HOLGATE, OHIO, ET AL.

(Decided December 23, 1933.)

*Messrs. Bish, Axline & Pendleton,* for plaintiff in error.

*Mr. James Donovan, Jr.,* and *Mr. Ferd Behrens,* for defendants in error.

GUERNSEY, J. This is a proceeding in error from a judgment of the court of common pleas of Henry county, Ohio, overruling motion for appointment of receiver.

The plaintiff in error was plaintiff, and the defendants in error were defendants, in the common pleas court, and they will be referred to here in the relation they appeared in the lower court.

It is the contention of the plaintiff that the order of the common pleas court is against the weight of the evidence, and contrary to law.

The property for which a receiver is sought is the landlord's share of the wheat, oats, and corn grown during the season of 1933 on the premises upon which the plaintiff holds a real estate mortgage.

There is no dispute as to the facts upon which the order was based.

Under date of April 9, 1926, Walter S. Shelly and Bessie J. Shelly, his wife, who were then the owners of the premises upon which the plaintiff holds its real estate mortgage, executed and delivered said real estate mortgage to the plaintiff to secure the payment of their promissory note of that date in the principal sum of $28,000. Said mortgage, among other terms, contained the following stipulation: "And in the event of non-payment at maturity of the principal, or any coupon interest note herein named, or any note, or coupon interest note, given in extension of said principal note, and debt, or on failure to comply with any condition of this deed, then the rents of the real estate herein described shall immediately acccrue to the benefit of said grantee, and the occupant or occupants of the within described real estate shall then pay rent to said grantee only."

This mortgage was duly filed for record as a real estate mortgage on April 28, 1926, and was thereafter duly recorded in the records of real estate mortgages of Henry county, Ohio. This mortgage was not at any time filed or recorded as a chattel mortgage, and there is no sworn statement thereon complying with the requirements of the law with reference to sworn statements on chattel mortgages.

Under date of June 11, 1931, the parties to this mortgage, the grantors then remaining in ownership and possession of the premises mortgaged, entered into an agreement in writing extending the time of payment of the note secured by the mortgage, which written agreement was also duly recorded in the records of real estate mortgages of Henry county, Ohio. This extension agreement expressly kept in effect the terms of the original mortgage, except as to the extension of time therein granted. This extension agreement was not filed or recorded as a chattel mortgage, and did not have indorsed thereon any sworn statement complying with the provisions of law relating to chattel mortgages.

Subsequent to the execution of this extension agreement, and prior to 1933, Walter S. Shelly and his wife conveyed the premises in said mortgage described to the defendant the Shelly Seed Corporation, subject to the terms of said mortgage, but said the Shelly Seed Corporation did not assume said mortgage.

Prior to the time the crops for the season of 1933 were planted, the seed corporation leased said premises, on a crop sharing rental basis, to one R. A. Miles, and R. A. Miles, as tenant of said seed corporation, pursuant to said lease, put out the crops in controversy.

On the 31st day of October, 1932, the seed corporation being then indebted to the defendant bank in the sum of $2,500, for the purpose of raising funds to pay said indebtedness, executed and delivered to the Henry

County Agricultural Credit Corporation its chattel mortgage on and of certain livestock, and on one hundred and forty acres of corn and five thousand bushels of oats in bins.

One L. E. Fruth, as agent of the mortgagee, made sworn statement indorsed on said mortgage, required by the laws relating to chattel mortgages, and said mortgage was duly filed on November 4, 1932. The note of even date, secured by the mortgage, was made payable to the order of the Henry County Agricultural Credit Corporation.

It had been the intention of the parties that the note secured by the mortgage should be discounted by the mortgagee at the Federal Intermediate Credit Bank of Louisville, and the funds derived from the same then paid to the bank to apply on this indebtedness. The Intermediate Credit Bank refused to discount the note, and the agricultural corporation assigned the mortgage and the note secured thereby to the defendant the Farmers' State Bank of Holgate.

On June 1, 1933, certain of the property covered by the chattel mortgage above mentioned having been sold and disposed of, and the proceeds applied to purposes other than the payment of the mortgage indebtedness, the seed corporation executed a new chattel mortgage to the agricultural credit corporation in place of the original mortgage, and securing the payment of the same note and indebtedness on and of the undivided one-half interest of crops growing, consisting of corn, oats, wheat, sugar beets, and hay, the property covered by the mortgage being further described as follows: ''This is the same property which is now owned and in the possession of the mortgagor and which was purchased from and-or raised by Shelly Seed Corporation and is now located and is usually kept on the farm of Shelly Seed Corporation about two miles southeast of Holgate, on the ——— road in

——— county, Ohio, and is the same property which was shown to ——— on the ——— day of —— 1933.''

The sworn statement on this chattel mortgage is in the form following:

''State of Ohio, County of Henry, ss: The undersigned makes solemn oath and says that he is the (agent, attorney) of the within named mortgagee; that the said mortgagee has a valid claim against the within named mortgagors, The Shelly Seed Corp., amounting to $2500; that said claim is just and unpaid, that the foregoing mortgage is given to secure the same. L. E. Fruth.

''Sworn to and subscribed before me a notary public in and for said county, this 1st day of June, 1933. R. S. Mann, Notary Public, Henry county, Ohio.''

There is indorsed on the mortgage, under date of June 1, 1933, an assignment from the agricultural credit corporation to the defendant bank. This chattel mortgage was duly filed as a chattel mortgage, in the office of the recorder of Henry county, Ohio, on July 7, 1933.

Plaintiff brought its action to foreclose its real estate mortgage on July 11, 1933, and at the same time filed a motion for appointment of a receiver for the undivided one-half interest (being the landlord's share) of crops growing on the mortgaged premises, consisting of corn, oats, wheat, and sugar beets. There is no evidence that there was any hay grown on the premises.

The motion for appointment of receiver was heard July 22, 1933, and the evidence is to the effect that the wheat growing on the premises was sold within two weeks of the time of hearing, and the proceeds delivered to the defendant bank. But it does not appear whether the wheat was sold prior or subsequent to the commencement of the action in foreclosure and the filing of the motion for receiver.

The evidence also shows that the Shelly Seed Cor-

poration, in the months of February and March, 1933, entered into certain seed contracts with the Eastern States Co-operative Milling Corporation of Buffalo, New York, in which liens were reserved on crops grown from seed furnished by the milling corporation, for the repayment of the value of the advancement of seeds. These contracts had no sworn statement indorsed on the same, as required by law relating to chattel mortgages, but were filed as chattel mortgages in the office of the recorder of Henry county, Ohio, after their execution and prior to June 1, 1933. But, in the view we take of this matter, it will be unnecessary to determine the validity, as liens, of these contracts.

The default in payment of the mortgage indebtedness to the plaintiff occurred in October, 1932.

There is no evidence tending to show that the plaintiff at any time acquired actual possession of the share of the crops in controversy. It is also undisputed that the value of the crops in controversy is less than the amount of the chattel mortgage indebtedness held by the bank.

The evidence is further to the effect that the defendant bank advanced to the seed corporation funds to be applied on plaintiff's mortgage indebtedness, but there is no other evidence tending to show notice to or knowledge by the defendant bank of the terms of plaintiff's mortgage.

The claim of the plaintiff to the undivided one-half of the crops (landlord's share) is based solely on the provision of its real estate mortgage hereinbefore set forth.

The crops for which a receiver is sought are emblements, and under the laws of Ohio emblements, except as between the grantor and grantee in a deed of conveyance in which there is no reservation of crops, are personal property. 13 Ohio Jurisprudence, pages 9, 14, 15, 16, 17 and 18.

The provisions in plaintiff's mortgage, above referred to, at the most amounted to an executory contract to subject the landlord's share of the crops which might be grown on the premises in the future to the lien of such mortgage, upon the happening of the defaults therein mentioned; or, in effect, an equitable chattel mortgage on after-acquired property.

It is manifest, however, from all the Ohio decisions, that the mortgagee acquired no lien upon the property under the Ohio rule until the time when it acquired actual or constructive possession of the property. 7 Ohio Jurisprudence, 258.

In the case at bar the mortgagee did not at any time acquire actual possession of the property, and its constructive possession was not acquired until it brought its action for foreclosure and filed motion for the appointment of a receiver on July 11, 1933, and consequently any claim it may have been entitled to have to a lien on said property did not become effective until that date.

The filing and recording of plaintiff's mortgage as a real estate mortgage constituted notice of its lien on the real estate, but did not constitute constructive notice of its equitable chattel mortgage lien on after-acquired property, and actual notice of the existence of the real estate mortgage did not constitute notice of its equitable chattel lien unless the person having notice of the existence of the mortgage also had specific notice of the clause thereof on which such claimed equitable chattel lien was based.

There is no evidence in the instant case tending to show that the defendant bank had specific notice of the clause in plaintiff's mortgage upon which plaintiff bases its claim. But whether it did or not is not material, as title to the property acquired by the defendant bank prior to the commencement of the suit for foreclosure and the filing of the motion for receiver, unless defective for failure to comply with registration

laws, is superior to the plaintiff's claim thereon, irrespective of whether the defendant bank had notice of such clause in plaintiff's mortgage. 7 Ohio Jurisprudence, 258.

The chattel mortgage held by the defendant bank on said property was executed and filed as a chattel mortgage in the office of the county recorder prior to the filing of the petition for foreclosure and the motion for a receiver, and was based on a valuable consideration, to wit, money owing by the Shelly Seed Corporation to the bank.

The plaintiff contends that this mortgage was void for the reason that it was executed to the Henry County Agricultural Corporation, which was not the real party in interest, and that the sworn statement thereon required by law was made by the agent of the agricultural corporation and not by the agent of the real party in interest, which was the bank.

In the absence of fraud, a mortgage may be held for the security of the real creditor whether he is the party named as mortgagee, or some other party, for the provisions of the mortgage are not necessarily personal to the mortgagee named. *First National Bank of Bridgeport* v. *National Grain Corp.*, decided by the Supreme Court of Errors of Connecticut, December 23, 1925, and reported in 103 Conn., 657, 131 A., 404.

It has been held that a trustee in a mortgage deed of trust may make the affidavit of good faith necessary to the validity of a chattel mortgage, especially where the mortgage does not disclose the trusteeship. 11 Corpus Juris, page 483; *Fletcher* v. *Bonnett, Jr.*, 51 N. J. Eq., 615, 28 A., 601; *Cope* v. *Minnesota Type Foundry Co.*, 20 Mont., 67, 49 P., 387. See, also, *In re Ballard*, decided by the Circuit Court of Appeals, Sixth District, April 8, 1927, and reported in 18 F. (2d), 462, in which a sworn statement in a chattel mortgage, similar to the sworn statement on the mortgage in the case at bar, except that it recited that mortgagee

making the statement was trustee, is held to be a compliance with the requirements of Section 8564, General Code.

As the sworn statement on the affidavit in the instant case is in the form prescribed by statute, and the person making such statement was authorized by law to make it, the contention of the plaintiff in this respect is without foundation.

A more serious question arises from the form of the description of the property covered by this chattel mortgage, in that the description fails to show either the section, township, or county in which the property is located. The description, however, does show that the property sought to be covered by the mortgage is located on a farm owned by the Shelly Seed Corporation, two miles southeast of Holgate, Ohio. As Holgate, Ohio, is located in Henry county, and is more than five miles from the southern and/or eastern boundaries of the county, judicial notice may be taken of the fact that the premises are located in Henry county, Ohio.

"The description of property in a chattel mortgage is to be liberally construed because of the diverse and varied character of property usually sought to be covered, and the attendant difficulty in obtaining a full and exact description. Any description which will enable third persons to identify the property covered by the mortgage, aided by inquiries, which the mortgage indicates and directs, is sufficient." 7 Ohio Jurisprudence, 295.

Under this rule it is clear that the description of the property is sufficient.

In order to justify the appointment of a receiver, the burden is upon the person seeking such appointment to prove a probable interest to the fund for which the receiver is sought.

In this case the evidence offered on the motion does not tend to show such probable interest, but, on the

contrary, tends to show that the defendant bank under its chattel mortgage acquired the whole fund before the plaintiff made any endeavor to acquire its lien thereon, and consequently it cannot be said that the overruling of the motion for appointment of a receiver was either against the weight of the evidence or contrary to law.

As the decision of the lower court was rendered on an ancillary motion, and not on trial, it did not have the effect of finally determining the rights of the parties to the fund. Such determination can only be made on trial on the merits, and the decision in this error proceeding applies only to the claimed error of the court in overruling motion for receiver.

Holding these views, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

CROW, P. J., and KLINGER, J., concur.