**RAEUBER et al. v. CENTRAL NAT. BANK et al.**

No. 69224.

United States District Court
N. D. Ohio, E. D.

Feb. 4, 1953.

Otto D. Themann, Cleveland, Ohio, for bankrupt.

Walter & Haverfield, Cleveland, Ohio (Arthur P. Steinmetz, Cleveland, Ohio, of counsel), for Edward Goldberg.

Theodore R. Spilka, Cleveland, Ohio, for trustee.

McNAMEE, District Judge.

In his petition for review, Edward Goldberg, the mortgagee, complains of the decision of the Referee holding the petitioner's chattel mortgage on the property of the bankrupt to be void as against the trustee for want of a proper description of the mortgaged chattels.

The essential facts may be stated as follows:

There is a balance due Edward Goldberg from the bankrupt of $16,776.55 which is secured by a chattel mortgage filed for record January 4, 1948. The mortgage consists of five sheets. The first sheet is a printed form chattel mortgage upon which there appears the names of the mortgagor and mortgagee, the consideration, the conditions, the signature of the mortgagor, and on the reverse side the affidavit of the mortgagee. In the space reserved for the description of the mortgaged property is the following:

"The following goods and chattels, to wit:

"*Schedule attached*

"All of which is located at 3475 E. 126 Street, Cleveland, Ohio.

\* \* \* \* \* \*

"Also all rights and interest in and to a lease executed by Evelyn Ruth Brazie, Lessor and Mortgagor herein, beginning January 1, 1948 and ending December 31, 1955, for premises of said 3474 E. 126 Street, Cleveland, Ohio."

Attached to the printed form by a wire staple in the upper corner is a sheet containing an itemized list of the mortgaged chattels. To this schedule of property there is attached by adhesive substance an assignment of Goldberg's interest to the Cleveland Trust Company. Attached to the assignment also by adhesion is a reassignment of the mortgage. To this reassignment there is attached in a similar manner the re-filing affidavit of Goldberg.

The Referee held that the description of the chattels was insufficient because the sheet containing a list of the chattels was insecurely attached and readily removable without mutilating the instrument. There is no claim of fraud or bad faith. The sole issue is whether the description of the chattels attached to the mortgage is a part of the recorded instrument.

It is the trustee's position that to become a part of a chattel mortgage an attached description of the chattels must be so firmly

and securely affixed to the mortgage that its severance therefrom would result in mutilation of the instrument or "leave behind sufficient evidence that the mortgage had been tampered with." This is the rule applied by the courts in cases where the issue was whether the attachment of an affidavit or certificate of acknowledgment complied with the statutory provisions then in effect which prescribed that such affidavits and certificates were to be placed on the recorded instrument itself. It is sought by analogy to apply this rule to an attached description that by reference is incorporated in a chattel mortgage. I think the attempted analogy fails.

Prior to 1943, section 8510 G.C., governing the execution and acknowledgment of deeds, leases, and real estate mortgages, provided in part:

"Such signing also must be acknowledged by the grantor, mortgagor, or lessor before a judge of a court of record * * * notary public * * * who shall certify the acknowledgment *on the same sheet on which the instrument is written or printed*". (Emphasis supplied.)

Also prior to 1943, section 8564 G.C., which prescribes the formal requirements of chattel mortgages, provided in part:

"The mortgagee, his agent, or attorney, before the instrument is filed, must state *thereon*, under oath * * *." (Emphasis supplied.)

With regard to conditional sale contracts, section 8568 G.C., both before and since 1943, requires a sworn "statement *thereon*" under oath. (Emphasis supplied.)

In the earlier cases the courts of Ohio were divided on the question whether the mere attachment of an affidavit or certificate substantially complied with the positive requirements of the statute. Cf. National Cash Register Co. v. Close, 12 Ohio Cir.Ct., N.S., 15; Oglesby v. National Box Board Co., 25 Ohio Cir.Ct., N.S., 61; Winkler v. Higgins, 9 Ohio St. 599. Eventually there was agreement on the principle that an attachment so firmly and securely made as to constitute the equivalent of a single documentary entity would satisfy the provisions of the statutes. The test was said to be—would the severance or removal of the attached writing result in a mutilation of the instrument? This rule was first declared by Judge Sater in Columbus Merchandise Co. v. Kline, D.C., 248 F. 296, 300, as follows:

"If an affidavit on a separate sheet be so securely attached to a chattel mortgage or contract, by means of some adhesive substance or otherwise, that its removal would result in the mutilation of the instrument, or leave behind sufficient evidence that the instrument had been tampered with, I doubt not but that such instrument, when properly filed, would be held sufficient."

The reasoning of Judge Sater was adopted by the Sixth Circuit Court of Appeals in Voss v. Slayton, 38 F.2d 475, wherein it was held:

"On refiling chattel mortgage, statement showing mortgagee's interest upon separate sheet of paper, but so firmly fastened to original mortgage or copy as to be nondetachable without necessarily leaving evidence of fraud practiced by substitution, is sufficient compliance with Gen.Code Ohio, § 8565."

The same rule was applied by Judge Jones of this court in In re Chinese Temple Restaurant, D.C., 54 F.2d 945, with a different result. It was there held:

"Fastening affidavit to conditional sales contract by wire staples, affidavit being removable without mutilation, invalidated contract against buyer's bankruptcy trustee (Gen.Code Ohio, § 8568)."

In Rollman & Sons Co. v. Alaska Realty Co., 52 Ohio App. 166, 3. N.E.2d 565, the court referred to the governing principle as the "permanence test." In Wolf v. Dispatch Printing Co., Ohio Com.Pl., 9 Ohio Supp. 69, it was said that if the sheets were fastened so as not to be removable without obvious mutilation the court would conclude that they constituted "a single sheet and there would be no defect in the acknowledgment." In S. S. Kresge Co. v.

Butte, 136 Ohio State 85, 23 N.E.2d 944, the Supreme Court of Ohio referred to the separate writings bound together as "one entity." In all of these cases the courts were governed by the principle that compliance with the statutes required a physical integration of the attached writing and the recorded instrument.

In September, 1943 the Legislature of Ohio amended section 8564 G.C. to provide that the oath of a chattel mortgagee must be "placed thereon or attached thereto". Obviously the amendatory words "attached thereto" do not have the same significance as the word "thereon". Whether the effect of the amendment is to modify the principle of Columbus Merchandise Corp. v. Kline and the other cases supra as to affidavits attached to chattel mortgages executed subsequent to September, 1943 need not be considered. But whatever may be the effect of the amendment in this regard, I think there can be no doubt that the principle of the above cited cases is not now and never was applicable to determine the sufficiency of descriptions attached to chattel mortgages or any other matters outside the scope of the statutes.

 Descriptions of property covered by chattel mortgages are not governed or regulated by statute. The sufficiency of a description in a chattel mortgage filed for record is to be determined by the rules applicable to the construction of contracts— and the effect of recording acts. As stated in 10 Am.Jur. 798: "Since a chattel mortgage is essentially a contract, it is to be construed in accordance with the rules governing the construction of contracts generally." It is fundamental that a contract may refer to other writings and by adoption make them a part of the contract. 17 C.J.S., Contracts, § 299, p. 716; 12 Am. Jur. 781. Where extrinsic writings are adopted they become a part of the contract or other written instrument by reference. Physical integration of the writings is not required. A chattel mortgage may refer to an extrinsic writing containing a description of the chattels and make it a part of the mortgage. If the extrinsic writing referred to therein is attached to the mortgage and filed for record it becomes a part

of the recorded instrument as truly as though the description were actually written upon the mortgage itself. The courts of Ohio and elsewhere have adopted an extremely liberal policy in determining the sufficiency and validity of descriptions in chattel mortgages. Upon the principle "That is certain which can be made certain"—it has been held that descriptions "may be completed by reference to a schedule" and "may be aided by inquiries which the instrument itself suggests." In 1857 the Supreme Court of Ohio in Lawrence v. Evarts & Cooper, 7 Ohio St. 194, 195, enunciated the liberal doctrine that has since been followed and accepted in cases involving the adequacy and sufficiency of descriptions in chattel mortgages. In that connection the court said:

"A mortgage of 'all the stock, tools, and chattels, belonging to' the mortgagor, 'in and about the wheelwright shop occupied by him,' is not void as against creditors; and the mortgagee may show by parol evidence, what articles were in and about the shop when the mortgage was made. Harding v. [Coburn] 12 Metc. [Mass.] 333. And to the same effect is Morse v. Pike, 15 N.H. 529; Burdett [Burditt] v. Hunt, 25 Me. 419; Wolfe v. Dorr, 24 Me. 104; Winslow v. Merchants Ins. Co., 4 Metc. 306."

"The principle to be deduced from these cases is, that any description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates and directs, is sufficient. The identity of the property is not, in such cases, ascertained by any specific description which distinguishes it from other property of the same kind of species, but by its locality."

In In re Assignment of Rice, 18 Ohio N.P.,N.S., 489, the court cited and relied upon Lawrence v. Evarts & Cooper, supra, and added the following observation:

"'Aided by inquiries which the instrument itself suggests' is very broad and very liberal in terms and contemplates that no chattel mortgage shall fail for insufficiency of description, if

parol evidence based upon inquiry suggested by the instrument will preserve it."

In the Rice case the court also reviewed exhaustively authorities from other jurisdictions and, 18 Ohio N.P.,N.S., on page 495, said:

"It is well settled that a description may be completed by reference to a schedule. Van Heusen v. Radcliff, 17 N.Y. 580, 72 Am.Dec. 480; Newman v. Tymeson, 13 Wis. 172, 80 Am.Dec. 735; State [ex rel. Cochran] v. Cooper, 79 Mo. 464; Winslow v. Merchants Ins. Co., 45 Mass. (4 Metc.) 306; Page v. Kendig, N.J. [Ch.], 7 A. 878.

"The schedule, however, should be attached to the mortgage, and if not, it becomes only a means of identification suggested by the description."

The Sixth Circuit Court of Appeals in J. M. & L. A. Osborn Co. v. Wells, 69 F.2d 970, recognized the liberal rule in effect in Ohio as follows:

"The rule in Ohio does not differ from the general rule that a mortgage to be valid against creditors must describe the mortgaged property with sufficient definiteness to enable third parties to identify the property subject to the mortgage lien, but it is said that a description is sufficient which enables third persons to make such identification 'aided by inquiries which the instrument itself suggests.' Matter of the Assignment of Rice, 18 Ohio N. P., N.S., 489; Jones, Chattel Mortgages (4th Ed.) 62, or as it is sometimes said, the description must contain some hint which will direct the attention of those reading the mortgage to some source of information which will enable third persons to identify the mortgaged property. Barrett v. Fisch, 76 Iowa 553, 41 N.W. 310, 14 Am.St.Rep. [238] 239."

See also Conn. Mut. Life Ins. Co. v. Shelley Seed Corp., 46 Ohio App. 548, 189 N.E. 654; Headley v. Schultz, 14 Ohio Law Abst. 682; Voigt v. Ludlow Typograph Co., 213 Ind. 329, 12 N.E.2d 499; Jacquart v. Jennings, 118 Kan. 224, 235 P. 101; Page v. Kendig, N.J.Ch., 7 A. 878; 14 C.J.S. 667, Chattel Mortgages, § 58; United States v. Christensen, D.C., 50 F.Supp. 30. In 10 Am.Jur. 754, sec. 59, the rule is stated that:

"It is sufficient in a chattel mortgage to refer to another instrument accurately pointed out which contains a proper description of the property intended to be mortgaged, providing such instrument is on file."

In Page v. Kendig, supra, it was said: A schedule annexed to the mortgage and referred to therein "becomes a part and parcel of the mortgage itself,—as much so as though the very words had been incorporated in the body of the mortgage." The last cited case is also authority for the proposition that "where the description of the property is contained in a separate writing attached to the mortgage, such writing will, in the absence of proof to the contrary, be presumed to have been attached prior to the execution of the mortgage." 14 C.J.S., Chattel Mortgages, § 58, pp. 667, 668.

█ The filing of a chattel mortgage for record in compliance with the recording statutes constitutes constructive notice of a lien upon the property. 7 Ohio Jur. 317. "The record is notice of all that it states and of all that could be discovered by any inquiry reasonably suggested thereby." 10 Am.Jur. 793, 794. "In general the recording of a mortgage operates to give constructive notice of the mortgage and of everything disclosed by the record." 14 C.J.S., Chattel Mortgages, § 164, p. 768.

█ Tested by the applicable liberal rules laid down by the authorities, the description of the mortgage here in question must be held to be valid. The location of the chattels covered by the mortgage is set forth in the body of the instrument. As stated in the mortgage, a "schedule" containing a description of the chattels is "attached." It is suggested that the failure to mark the schedule as an exhibit or otherwise to identify it as being connected with the mortgage renders the description defective. I do not think so. The intention of the parties to include the scheduled

items in the mortgage is clear. The mortgage was properly filed for record. The attached description is a part of that record. Constructive notice of the items included in the mortgage is adequate and complete. The mortgage was refiled within the time prescribed by section 8565 G.C. The trustee concedes that the refiling affidavit was "attached thereto" as required by the statute. There was full compliance with the recording statutes and compliance as well with the rules of law applicable to the description of mortgaged chattels.

For the reasons assigned it is held that the petitioner has a valid lien upon the personal property described in the schedule attached to the chattel mortgage. This case is remanded to the Referee with instructions to enter an appropriate order in conformity herewith.