GERBER, respondent, *v.* STUART et al., appellants.

MAKER OF PROMISSORY NOTE—*proof of agency—intention of parties.* In an action against a person who signed a promissory note, "Jas. Stuart, Gen. Mang. & Supt. St. L. & M. M. Co.," the defendant's personal liability will not be presumed; and he can introduce evidence showing that he made the note for the mining company, of which he was the agent, and that it was the intention of all the parties that the company should pay the note, and that he was not to be held liable thereon.

PAROL CONTRACT—*name of principal.* The name of the principal need not appear in the body of a parol contract.

*Appeal from the Third District, Lewis and Clarke County.*

ON June 25, 1869, Gerber commenced this action against Saunders and Stuart, upon a promissory note. Stuart filed a separate answer on July 12, 1869. On motion of the plaintiff, the court, WARREN, J., struck out parts of this answer. On July 16, 1869, Stuart filed his amended answer. On motion of the plaintiff, the court ordered parts of the same to be struck out. On July 19, 1869, Stuart filed his second amended answer. The plaintiff then moved to strike this answer from the files, and assigned among other reasons therefor, that the answer was sham and irrelevant and no defense. The court sustained the motion and rendered judgment for plaintiff for $5,481, and Stuart appealed.

The pleadings are contained in the opinion.

WOOLFOLK & TOOLE, for appellants.

The court erred in striking out the first and second answers of Stuart. An agent is not liable personally in contracts not under seal, where the name of the principal and fact of agency are disclosed, however informally it may be expressed. If the principal's name does not appear, it may be proved that the party dealing with the agent knew the principal. *Sayre* v. *Nichols*, 7 Cal. 542 ; *Brockway* v. *Allen*, 17 Wend. 40 ; Story's Agency, § 160 *a ;* 2 Am. Lead. Cas. 380 ; Story's Prom. Notes, § 69.

Where the signature of the party indicates that he was signing for another, although it be the apparent obligation of the agent, parol evidence is admissible under modern authorities to establish the liability of the principal and release the agent. *Brannan* v. *Mesick*, 10 Cal. 95 ; *Richardson* v. *Scott River W. & M. Co.*, 22 id. 150 ; Ang. & A. Corp., § 296.

An agent of a corporation sued on a note can show by evidence that the credit was given to the corporation and not himself. 2 Am. Lead. Cas. 632.

An agent having authority to bind his principal, and executing this authority, is not personally liable. The facts set up in the answer render the corporation liable to respondent, and consequently release the agent. Ang. & A. Corp., § 296.

Whenever a state of facts would maintain an action in equity, the same facts can be pleaded as a defense under our practice. If Stuart is not permitted to prove the facts set up in his first and second answers, the express agreement of the parties is violated.

The court erred in striking out the third answer. Stuart had a right to prove that certain words changing his liability were omitted from the note by mistake. *Hathaway* v. *Brady*, 23 Cal. 121 ; *Stacy* v. *Abbott*, 1 Law Times, 84.

SHOBER & LOWRY, for respondent.

Where a promissory note is signed by two persons in the same manner, one of them cannot set up a defense that he

was only surety. If a note is signed by a person with the words "agent or superintendent" added, these words are merely a description of the person, who is personally liable. Story's Ag., §§ 155 to 159 ; *Stackpole* v. *Arnold*, 11 Mass. 29 ; *Bentz* v. *Stanton*, 10 Wend. 271.

No person is considered an agent of another unless he stipulates for his principal by name, and states his agency in the instrument he signs. Story's Prom. Notes, §§ 65, 74.

The maker of a promissory note is bound by the contract he signs. *Aud* v. *Magruder*, 10 Cal. 289 ; *Krutzer* v. *Mill*, 9 id. 23. No action could be maintained on this note against any persons except Saunders and Stuart, and Stuart is estopped from setting up a liability in any other person.

The note sued upon is a joint and several contract. There is no ambiguity upon the face of the note. The position of appellants, if correct, would permit oral testimony to vary the terms of a written contract. *Hemmenway* v. *Stone*, 7 Mass. 58 ; 1 Pars. on Cont. 11 ; 1 Greenl. Ev., § 275.

The third answer was properly stricken from the files. It was filed without leave of court, notice or meritorious showing. Civ. Prac. Act, § 68.

This appeal was taken for delay. Respondent claims damages therefor under the statute. Civ. Prac. Act, § 329 ; *Ricketson* v. *Compton*, 23 Cal. 649 ; *Nickerson* v. *California S. Co.*, 10 id. 520.

SYMES, J. This was an action on a promissory note by plaintiff, assignee, against the defendants, makers. The cause was tried before the third judicial district court, for Lewis and Clarke county, at the July term, 1869, and judgment rendered on the pleadings after the separate amended answer of James Stuart was stricken from the files, and appeal taken from the judgment roll.

The question presented is, whether the new matter set up in the answer and amended answer, which was stricken from the files, *if* proved, would constitute a legal defense.

The complaint declared on the note in the usual form, setting out a copy as follows, to wit :

"$4,300.

"PHILLIPPSBURG, DEER LODGE COUNTY,  
MONTANA TERRITORY, *August* 31, 1868.

"Thirty days after date, for value received, I promise to pay Donald Chrisholm or order, at Phillippsburg, the sum of forty-three hundred dollars, with interest at the rate of five per cent per month until paid.

"COLE SANDERS.

{ $2.80 U. S. stamp  
duly canceled. }

"JAMES STUART,

"*Gen. Manag. and Supt. St. Lo. & M. M. Co.*"

Indorsed : Donald Chrisholm, November 4, 1868.

And alleged that on the 4th of November, 1868, said Donald Chrisholm transferred and delivered said note, duly indorsed, to plaintiff, who was owner and holder thereof; that no part had been paid except the sum of $784, and demanded judgment for $5,484 and costs.

The separate and amended answer of defendant Stuart contains a general denial, and sets up that at the time of the execution of the note he was "general manager and superintendent of the St. Louis and Montana Mining Company," a corporation created by the laws of the State of Missouri; that he executed said note in his said capacity of "general manager and superintendent of the St. Louis and Montana Mining Company;" that it was expressly agreed between the said Donald Chrisholm and this defendant, at the time of the execution of said note, that defendant was not to be personally responsible thereon ; that he executed the note simply as agent for said mining company ; that the intent and design of defendant in signing said note, as "general manager and superintendent of the St. Louis and Montana Mining Company," was to bind the said company, as principal in said note, jointly with said Sanders, but in no way to bind himself; and that such intent and design was expressed at the time of the execution of the said note to said Chrisholm, who accepted said note, so signed, with full knowledge of such intent and design ; that the object of defendant, in signing said note, was to carry out said intention of

the parties, and to bind his said principal, and that defendant, knowing that it was necessary to put his signature to said note, should indicate that he signed the same, in his capacity as manager and superintendent for said St. Louis and Montana Mining Company, in order to bind the said principal, by inadvertence and mistake omitted the word "as" before the words "manager and superintendent;" also, the word "for" after the word "superintendent," which was the way he intended it to be. Further, that if defendant is not allowed to show his mistake it will operate as a fraud, and violate the intent and design of all parties to the note; that he had no personal interest in the consideration for which said note was given; that it was given for mining property purchased from said Chrisholm, and the design was to benefit said mining company by acquiring an interest for them in the mining ground jointly with said Sanders; that defendant, as manager and superintendent of said company, had often exercised similar authority for the benefit of said company, which had been ratified by them, and had full authority to bind said company by said signature; and that plaintiff knew of the aforesaid agreement between Chrisholm and defendant, and holds the note subject to all the rights and equities of defendant.

Does the allegation of the answer set up a legal defense on the part of defendant Stuart, to the notes, and, if so, will the law allow him to show it, or will it conclusively presume an absolute liability from the face of the note, and not allow defendant to prove any other? This depends on whether the addition to the defendant Stuart's name of "general manager and superintendent of the St. Louis and Montana Mining Company," shall be taken conclusively as *descriptio personæ*, or whether he will be allowed to explain the addition, and to show *aliunde*, that it was intended by the parties to express that he acted as agent, and that the consideration moved to his principal under circumstances which releases the agent from personal liability. While there appears, on examination of the authorities, especially the older ones, that the addition to a signature of "agent,"

"president," "superintendent," and similar words, have been held to be mere descriptions of the person, and not of the capacity in which the party acted; the modern rule seems to be that if from the whole instrument it appears that the parties intended to act for and bind his principal, the principal and not the agent will be bound ; and that where the addition or description is so inartificially expressed as to leave it in doubt, or ambiguous, from the face of the instrument, evidence *aliunde* will be admitted to explain and show the actual intention of the parties. Parsons, after citing numerous cases, some of which appear contradictory, says, that the recent cases and the best reasons for determining in each instance, and with whatever technical inaccuracy the signature is made, whether a party is a principal or an agent, is from the facts and the evidence to show the intention of the parties to the contract. 1 Pars. on Cont. 54, 57 ; 1 Pars. on Bills, 167 and note ; Story on Prom. Notes, 70. We find that in the difficult cases decided the instructions of the court are the foundation of the decisions, showing that where it was doubtful the cases have been submitted to juries. *Sayer* v. *Nichols,* 7 Cal. 535 ; 5 Cush. 158.

In sealed instruments the name of the principal must appear in the body of them ; but this is not required of parol contracts. Perhaps the weight of authority is that where a party signs his name to a contract with only the addition of "agent," "manager," etc., that he will be held personally liable if he does not disclose the name of his principal, although the case in 7 California and some others lean to the contrary ; this case does not come within that principle. The party sued on in this action does not sign his name merely with the addition of "agent, manager, or superintendent," without disclosing the name of any other person, but signs his name and adds " Manager and Superintendent of the St. Louis and Montana Mining Company," disclosing the full name of a known mining corporation. We are not called upon to decide whether the note herein presents a *prima facie* case against defendant, but whether

on its face it shows such a conclusive personal liability against defendant as will estop him from setting up in his answer and proving the real situation, knowledge and intention of the parties at the time of the execution. Story, in his work on Agency, says that it is often difficult to determine from the face of an instrument whether or not an agent is personally liable, and that it is impossible to reconcile all the cases. He cites one case as follows: "I promise to pay," etc., and is signed "A B" for "C D" (the principal), and says in this case it was held the agent was not personally liable; and adds in a note to cases cited, that the liability in many cases depends on the state of facts shown to exist at the time the contract was made, and sometimes to whom the credit was given. Story on Agency, (Redfield's ed.), 346, 351.

Testing this case by these principles, we think the court below erred in striking out that portion of the amended answer which alleged that the payee in the note knew at the time of its execution that he acted as agent of the mining company ; that it was the intention of all parties that the mining corporation, and not the agent, should be liable thereon ; that the payee gave the credit to the principal and not to defendant ; and that the contract was made for the benefit and the consideration moved to the principal, said mining company. And the note being transferred to plaintiff after it had become due, this defense is good against him.

If two persons sign a note as principals without any thing on the face to show that one intended to sign as surety, still it may be shown *aliunde*, as between the payees, that one intended to become liable only collaterally as surety ; and if the word "surety" is added to the signature it will be presumed *prima facie* from the face. 2 Smith's Lead. Cas. 380. Then will it be contended that where a party signs a contract with the addition of "Manager and Superintendent of the St. Louis and Montana Mining Company," that the law will not only *prima facie* hold him liable personally from the face of the contract, but will con-

clusively presume him absolutely liable and not allow him to set up and prove the real facts and intention of the parties at the time the contract was executed. We think it would be in opposition to the established principles of our modern commercial law.

Judgment reversed and cause remanded.

*Exceptions sustained.*