SCHAUER, RESPONDENT, *v.* MORGAN ET AL., APPELLANTS.

(No. 5,179.)

(Submitted May 4, 1923. Decided June 12, 1923.)

[216 Pac. 347.]

*Contracts—Promissory Notes—Guaranty—Parties—Misjoinder —Pleading and Practice—Consideration—Agency—Corporations — Conversion by Agent — Burden of Proof — Directed Verdicts—Attorneys' Fees—Improper Allowance.*

Appeal and Error—Motion for Directed Verdict by Both Parties— Effect.
  1. Where at the conclusion of the testimony both parties moved for a directed verdict, and appellant did not request that the cause be submitted to the jury for determination of disputed questions of fact, the result reached will not be disturbed if there is substantial evidence to support and the law warrants it.

Promissory Notes—Guaranty—Misjoinder of Parties Defendant.
  2. In an action to recover on a separate and distinct contract guaranteeing payment of a note of a corporation to which guaranty the corporation was not a party, it was improperly joined as defendant with the individuals executing the contract.

Parties—Misjoinder—Waiver by Failure to Demur Specially.
  3. Where a misjoinder of parties defendant is patent upon the face of the complaint, the defect can be availed of only by special demurrer (sec. 9132, Rev. Codes 1921), failure to interpose which waives it.

[67 Mont. 455.]

Contracts—Breach—Complaint.

4. To state a cause of action for breach of contract the plaintiff must either set forth its terms *in haec verba* or according to their legal effect.

Same—Promissory Notes—Guaranty—Defective Complaint Cured by Answer.

5. *Held*, under the rule that defective allegations of the complaint may be cured or omitted allegations supplied by the answer, that where plaintiff in an action on a guaranty of a promissory note did not in his complaint set forth the guaranty and pleaded its legal effect improperly, but defendants incorporated a copy of it in their answer, they thereby cured the defect and thus barred themselves from asserting that the complaint was insufficient in that regard.

Contracts in Writing—Consideration—Presumption—Burden of Proof.

6. An instrument in writing is presumed to be supported by a sufficient consideration and the burden of proving want of it is upon defendant.

Trial—Order of Proof—Discretion.

7. The order of proof is a matter within the sound discretion of the trial court.

Promissory Notes—Guaranty—Assumption of Burden of Proof by Plaintiff—Nonprejudice.

8. Where plaintiff in an action on a contract of guaranty of a promissory note, instead of resting his case in chief after the introduction of the note and guaranty, unnecessarily assumed the burden of proving consideration in the first instance, defendants were not prejudiced and in no position to complain of the procedure followed.

Same—Guaranty—Consideration.

9. Where a promissory note was not accepted until a guaranty was produced about a week after the execution of the note, and the two instruments were delivered together, plaintiff in an action on the guaranty was not required to show an independent consideration for it, a showing of consideration for the note having been sufficient under section 8173, Revised Codes of 1921.

Same—Pre-existing Debt Sufficient Consideration.

10. An antecedent or pre-existing debt constitutes a sufficient consideration for a promissory note.

Same—Guaranty—Consideration—Evidence—Admissibility.

11. In an action on a contract guaranteeing the payment of a note, evidence tending to prove the existence of the debt which constituted the consideration for the note, and incidentally to prove the consideration for the guaranty, was properly admitted.

Corporations—Liability for Conversion by Manager.

12. A corporation is liable for the conversion of property by its general manager acting within the apparent scope of his authority.

Same—Promissory Notes—Unauthorized Execution by Agent—Ratification.

13. Where a corporation ratified the act of its general manager in executing a note for property converted by him, the fact that he was not specifically authorized to execute it in its behalf did not relieve defendant directors, who executed the guaranty in their individual capacities, from liability.

Promissory Notes—Guaranty Held to Run to Plaintiff and not to Bank in Which Deposited.

14. Where the guaranty of a corporate note was executed by its directors to enable the payee (plaintiff) to borrow money from a

bank on the note and the guaranty as collateral, the bank to hold the latter paper, which was not to be negotiable, and the guarantors agreeing that the debt for which the note was given was payable according to the tenor of the note, the guaranty ran to the plaintiff and not to the bank.

Same—Guaranty—Immaterial Variance.

15. Where plaintiff sued on a guaranty of a note and the guaranty in terms showed that it was a guaranty of an account due plaintiff for which the note was given, the variance between the pleading and the proof *held* immaterial.

Same—Guaranty—Parol Testimony Varying Writing—Inadmissibility.

16. An offer of proof by defendant directors, who had guaranteed payment of an account as represented by a note of the corporation, that it was their understanding that the guaranty was to be deemed merely an assurance on their part that plaintiff's account was recognized as a valid claim against the company, was properly rejected under section 10517, Revised Codes, as contradicting the terms of the writing.

Corporations—Officers Signing Instruments—Corporate or Personal Liability—When Explanatory Parol Testimony Admissible, When not.

17. Where there is such ambiguity on the face of an instrument signed by corporate officers as to leave in doubt the question whether the signers meant to bind the principal only, parol evidence is admissible to disclose the circumstances under which the agreement was made, in order to show in what character they acted; but if the legal effect of the instrument apparently is to bind the signers personally, and the name of the corporation does not appear in it in such manner as to render it doubtful whether the corporation or the officers were intended to be bound, parol evidence is not admissible to show that the officers signed in their representative capacity.

Promissory Notes—Guaranty—Agency—What Does not Constitute.

18. *Held,* that plaintiff by requesting the general manager of a corporation to secure the execution of a guaranty of a note given him by it whereby the corporation obtained an extension of time upon the debt represented by the note, the manager did not become plaintiff's agent and plaintiff was not bound by the declarations of the guarantors (directors of the corporation) to the manager that they did not intend to bind themselves personally, or by the manager's declarations made at the time.

Same—Action on Guaranty—Improper Allowance of Attorney's Fee.

19. In an action on a contract guaranteeing the payment of a note, as distinguished from an action on the note itself which provided for a reasonable attorney's fee, such a fee is not allowable.

*Appeal from District Court, Yellowstone County; Robert C. Stong, Judge.*

Action by F. W. Schauer against J. A. Morgan and others. Judgment for plaintiff and defendants appeal. Modified and affirmed.

*Messrs. Pierson & Smith,* for Appellants, submitted a brief; *Mr. George W. Pierson* argued the cause orally.

The complaint fails to state a cause of action. Plaintiff alleges the execution of a promissory note by the United Products Company, a corporation, and that the appellants in writing promised and guaranteed the payment of said note. The appellants are not liable on the note, as their names do not appear thereon. (Rev. Codes, sec. 8421; *Young* v. *Bray,* 54 Mont. 417, 170 Pac. 1044; *Kohrs* v. *Smith,* 45 Mont. 464, 124 Pac. 275; *First Nat. Bank* v. *Cottonwood Land Co.,* 51 Mont. 544, 154 Pac. 582.) An action against a guarantor must be brought specially upon the contract of guaranty itself. (*Postlethwait* v. *Minor,* 168 Cal. 227, 142 Pac. 55.) The rule that the terms of the guaranty must be specifically pleaded and not by way of conclusion is recognized in the rule that the guarantor cannot be joined in the suit with the principal. (*Cole Mfg. Co.* v. *Merton,* 24 Mont. 58, 60 Pac. 587; *Northern Bank* v. *Bellamy,* 19 N. D. 509, 31 L. R. A. (n. s.) 149, 125 N. W. 888; *Mowery* v. *Mast,* 9 Neb. 445, 4 N. W. 69; *Levy* v. *Webster,* 106 Me. 500, 76 Atl. 936; *Younk* v. *Bank* (Tex. Civ.), 175 S. W. 1102.) The allegation that the appellants promised and guaranteed the payment of said note is a mere conclusion. (*Cope* v. *Minnesota Type Foundry Co.,* 20 Mont. 67, 49 Pac. 387; *Merrigan* v. *English,* 9 Mont. 123, 22 Pac. 454; *Sames* v. *Spawn,* 6 Dak. 16, 50 N. W. 195.)

The corporate name appearing on the face of the instrument and the person signing being designated officers, it is a corporate instrument. (*Mechanics' Bank* v. *Bank,* 5 Wheat. (U. S.) 325, 5 L. Ed. 323 [see, also, Rose's U. S. Notes]; *Knippenberg* v. *Greenwood Min. Co.,* 39 Mont. 11, 101 Pac. 159; *Miller* v. *Way,* 5 S. D. 468, 59 N. W. 467; *Benham* v. *Smith,* 53 Kan. 495, 36 Pac. 997; *Schaffer* v. *Keenschild,* 2 Kan. App. 516, 43 Pac. 979; Fletcher on Corporations, sec. 2532.)

The guarantor is a favorite of the law and has the right to stand on the strict terms of his agreement, and as the guaranty was limited to the bank, others cannot benefit by it. (*Bank of*

*Batavia* v. *Sewell,* 6 Wkly. Law Bul. 288; *Crane Co.* v. *Specht,* 39 Neb. 123, 42 Am. St. Rep. 562, 57 N. W. 1015; *McCullum* v. *Cushing,* 22 Ark. 540; *Taylor* v. *McClurg,* 2 Houst. (Del.) 24; *Campbell* v. *Lacock,* 21 Colo. 173, 40 Pac. 448; *Woonsocket Rubber Co.* v. *Rarrigan,* 21 R. I. 146, 42 Atl. 512; *Forrest* v. *O'Donnell,* 42 Mich. 556, 4 N. W. 259.) The guaranty does not pass by transfer of the note. (*Postlethwait* v. *Minor,* 168 Cal. 227, 142 Pac. 55.)

The instrument, if treated as a guaranty, is limited to $4,-692.00, and that upon account, and while payable on a subsequent date, as named in a note therein referred to, there is no obligation to pay interest or attorney fees. (*Cooke* v. *Mesmer,* 164 Cal. 332, 128 Pac. 917.)

The appellants were entitled to show the surrounding circumstances attending the execution of the agreement, including the representations and inducements made to procure such execution. (Rev. Codes 1921, secs. 7527, 7538, 7540, 10517 and 10521; *Knippenberg* v. *Greenwood Co.,* 39 Mont. 11, 101 Pac. 159; *Megowan* v. *Peterson,* 173 N. Y. 1, 65 N. E. 738; *Smith* v. *Kimble,* 31 S. D. 18, 139 N. W. 348; *Germania Bank* v. *Mariner,* 129 Wis. 544, 109 N. W. 574.) The agreement having been executed at a board meeting of the directors, spread upon its minutes as such, relating to a company obligation and specifically describing them as officers, parol evidence was admissible. (*Knippenberg* v. *Greenwood, supra; Mechanics' Bank* v. *Bank,* 5 Wheat. (U. S.) 325, 5 L. Ed. 323 [see, also, Rose's U. S. Notes]; *Haskell* v. *Cornish,* 13 Cal. 45; *Souhegan Bank* v. *Boardman,* 79 Wis. 147, 24 Am. St. Rep. 702, 48 N. W. 1116; *Miller* v. *Way,* 86 Wis. 237, 59 N. W. 467; *Metcalf* v. *Williams,* 104 U. S. 93, 26 L. Ed. 665 [see, also, Rose's U. S. Notes]; *Benson* v. *Post,* 2 Dak. 220, 9 N. W. 684; *Germania Bank* v. *Mariner,* 129 Wis. 544, 109 N. W. 574.)

*Messrs. Johnston, Coleman & Johnston,* for Respondent, submitted a brief; *Mr. J. H. Johnston* argued the cause orally.

Whatever is necessarily implied in or is reasonably to be inferred from an allegation in a pleading is to be taken as di-

rectly alleged. (*Buhler* v. *Loftus*, 53 Mont. 557, 165 Pac. 601; *County of Silverbow* v. *Davies*, 40 Mont. 424, 107 Pac. 81.) If, however, the complaint should be held to be defective in its allegations as to the execution of said guaranty, such defect or omission is remedied by the allegations of the answer. The answer sets out the guaranty in full. The reply admits and avers that the guaranty set out in the answer is a true copy of the personal guaranty alleged in the complaint. Where omissions or defective allegations of the complaint are covered by allegations in the answer, the omission or defect in the complaint is cured thereby. (*Crowder* v. *McDonnell*, 21 Mont. 367, 54 Pac. 43; *Wilson* v. *Harris*, 21 Mont. 385, 54 Pac. 46; *Lynch* v. *Betchel*, 19 Mont. 551, 48 Pac. 1112; *Hefferlin* v. *Karlman*, 29 Mont. 139, 76 Pac. 756; *Harmon* v. *Fox*, 31 Mont. 327, 78 Pac. 517; *Stoer* v. *Graham*, 43 Mont. 344, 116 Pac. 1011; *Kummrow* v. *Bank of Fergus County*, 57 Mont. 390, 188 Pac. 650; *Hurley* v. *Great Falls B. Assn.*, 59 Mont. 21, 195 Pac. 561.)

It has been held by a number of courts that where the name of the corporation appears in the body of an instrument, but the instrument is signed in the individual name, it is an individual instrument. (*Fogg* v. *Virgin*, 19 Me. 352, 36 Am. Dec. 757, 758; *Moffitt* v. *Hampton*, 17 Ky. Law Rep. 534, 31 S. W. 881; *Stone* v. *Wood*, 7 Cow. (N. Y.) 453, 17 Am. Dec. 529.) The rule of law as stated by the appellants, if it be a rule of law, that a guarantor is the favorite of the law and has a right to stand upon the strict terms of his obligation, applies only where the terms and nature of the obligation have been ascertained. It does not apply in determining what the terms and nature of the obligation are.

The general intent of this guaranty, as stated above, was to give the respondent security for the payment of his note in lieu of the security, the attachment suit, which he released in accepting the note and guaranty. Section 7445 of the Revised Codes provides that the language of a contract should be interpreted most strongly against the person who caused the uncertainty to

exist. The promisor is presumed to be such party. Not only is the guaranty presumed to have been drawn by the appellants but it was in fact so drawn. Under these circumstances the guaranty must be most strongly construed against the appellants. (*Lyon* v. *Dailey C. etc. Co.*, 46 Mont. 108, 126 Pac. 931; *Ming* v. *Woolfolk*, 3 Mont. 380; *Blankenship* v. *Decker*, 34 Mont. 292, 85 Pac. 1035; *Bickford* v. *Kerwin*, 30 Mont. 1, 75 Pac. 518.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted by F. W. Schauer against the United Products Company, J. A. Morgan, Elmer Summers, Fred Inabnit, A. J. Rehberg and John Stewart. The complaint states that at all the times therein mentioned the United Products Company was a domestic corporation and the individual defendants were its directors; that in 1919 plaintiff stored with the defendants certain beans; that thereafter defendants wrongfully converted the beans to their own use; that on May 6, 1920, the company executed its promissory note, payable to plaintiff, for $4,692, the value of the beans, and that the note was tendered to plaintiff; that plaintiff refused to accept it, unless and until the individual defendants personally guaranteed the payment of the same; that on May 14, 1920, the defendants in writing guaranteed the payment of the note and the note and guaranty were on or about May 15, 1920, delivered together to the Merchants' National Bank of Billings for plaintiff and accepted by him. It is alleged that plaintiff is the owner and holder of the note and guaranty, and that no part of the debt represented by the note has been paid. The United Products Company was served with summons, but did not appear, and the cause was tried as against the individual defendants only. For the sake of brevity the United Products Company will hereafter be referred to as the company, the individual defendants as the defendants, and the Merchants' National Bank as the bank.

The defendants first interposed a general demurrer, which was overruled, and they then answered jointly. The answer is very lengthy, but in effect it admits the execution and delivery of the note and nonpayment of the debt represented by the note, the execution of the guaranty, and the delivery of it to the bank, and denies all the other allegations of the complaint. By way of affirmative defense, and as the basis for affirmative relief, it is alleged that the note and guaranty were procured to be executed by false representations made to the defendants and to the officers of the company; that there was not any consideration for either contract; that the guaranty was executed by defendants merely as an assurance to the bank that the amount named would be paid by the company in the event the bank became the owner of the note; that the guaranty was executed by defendants as directors of the company, and not by them as individuals, and that the company is insolvent. The guaranty is set forth *in haec verba,* and it is alleged that by a mistake of the scrivener it did not state truly the intention of the signers. The prayer is that the guaranty be surrendered and canceled, that the complaint be dismissed, and that the defendants recover their costs. The reply admits that the guaranty set forth in the answer is the guaranty relied upon by plaintiff and described in the complaint, and that the company is insolvent. All other allegations of new matter are denied.

Upon these pleadings the cause was tried to the court with a jury, and a verdict returned for the amount demanded in the complaint. A new trial was denied, and defendants appealed from the judgment. There are fifty-three assignments of error, but such of them as merit consideration will be grouped.

1. At the conclusion of the testimony each party moved for a [1] directed verdict. Plaintiff's motion was sustained, and there was not any request by defendants that the cause be submitted to the jury for a determination of disputed questions of fact. Under these circumstances the verdict will not be disturbed, if there is substantial evidence to support it and the law warrants it. (*Fifty Associates Co.* v. *Quigley,* 56 Mont.

348, 185 Pac. 155; *Bank of Commerce* v. *United States F. & G. Co.,* 58 Mont. 236, 194 Pac. 158; *Stoltze Land Co.* v. *Westberg,* 63 Mont. 38, 206 Pac. 407.)

2. It is insisted that the complaint is insufficient, and, [2, 3] though it is not a model pleading, it is possible to ascertain the theory of liability upon which the pleader proceeds. The action is upon the guaranty, and the case was tried upon that theory. It is true there is a misjoinder of parties defendant, for the contract of guaranty is separate and distinct from the note. The company is not a party to the guaranty, and it could not be joined properly as a party to this action (28 C. J. 1012), but defendants cannot complain. The defect is patent upon the face of the pleading and could be availed of only by a special demurrer (sec. 9132, Rev. Codes 1921), and, since a special demurrer was not interposed, the defect was waived (sec. 9136; *Puckett* v. *Hopkins,* 63 Mont. 137, 206 Pac. 422).

In order to state a cause of action for the breach of a [4, 5] contract it is necessary that the plaintiff set forth the terms of the contract *in haec verba* or according to their legal effect. (31 Cyc. 65; 13 C. J. 718.) In this instance the plaintiff did not set forth the guaranty in terms and its legal effect is pleaded very crudely; but it is elementary that a defective allegation may be cured or an omitted allegation supplied by the adversary pleading, and since defendants set forth in their answer a copy of the guaranty they may not be heard to say that the complaint is insufficient in failing to plead it more effectively. (*Hurley* v. *Great Falls Base Ball Assn.,* 59 Mont. 21, 195 Pac. 559.)

3. It is alleged in the answer that there was not any con- [6-8] sideration for the note or guaranty and that the court erred in admitting much of the testimony introduced by plaintiff in his case in chief. Since each of the instruments is in writing it is presumably supported by a sufficient consideration (sec. 7512, Rev. Codes 1921; *Ford* v. *Drake,* 46 Mont. 314, 127 Pac. 1019), and the burden of proving want of con-

sideration was upon the defendants (sec. 7513; *Lee* v. *Laughery,* 55 Mont. 238, 175 Pac. 873). Proper practice required that plaintiff introduce the note and guaranty and rest his case in chief, since nonpayment was admitted by the answer. Instead of observing this mode of procedure, however, he assumed the burden of proving consideration in the first instance. The order of proof was a matter within the sound discretion of the trial court (*Noyes* v. *Clifford,* 37 Mont. 138, 94 Pac. 842), and defendants cannot complain that they were prejudiced by reason of the fact that plaintiff assumed an unnecessary burden in the first instance.

4. It is earnestly insisted that the evidence does not disclose
[9]   any consideration for the guaranty, but this proceeds upon the assumption that it was necessary for plaintiff to show an independent consideration for that contract. While it is true that the note was executed on May 6th, and the guaranty on May 14th, nevertheless the evidence is sufficient to show that the note was not accepted until the guaranty was produced, that the two instruments were delivered together, and that the execution and delivery of the guaranty constituted a part of the consideration passing to plaintiff. These facts bring the case within the rule declared by section 8173, Revised Codes of 1921, as follows: ''Where a guaranty is entered into at the same time with the original obligation, or with the acceptance of the latter by the guarantee, and forms with that obligation a part of the consideration to him, no other consideration need exist.'' Under these circumstances the note was admissible in evidence, and it was not reversible error for plaintiff to introduce in his case in chief the evidence necessary to establish a sufficient consideration for the note. In order to sustain the burden thus assumed, plaintiff introduced evidence tending to prove that in 1919 he shipped a carload of beans to the company to be stored by it; that the shipment was received by the company and later disposed of by it without the knowledge or consent of plaintiff and without compensating him. The fact that these

transactions occurred a year before the note was executed is not material. An antecedent or pre-existing debt constituted a sufficient consideration for a promissory note. (Sec. 8432.)

5. Exception is taken to numerous rulings of the trial court in admitting the evidence offered by plaintiff tending to prove that the beans were actually received by the company. While it is true that the evidence was not binding upon these defendants in the first instance, it was admitted properly to prove the existence of the debt which constituted the consideration for the note. By this means, and other competent evidence, plaintiff likewise proved the consideration for the guaranty as indicated above.

6. While it may be conceded that Earle Gernert was the person primarily responsible for the conversion of plaintiff's property, nevertheless Gernert was the general manager of the company and acting within the apparent scope of his authority; hence the company was liable. (*De Celles* v. *Casey*, 48 Mont. 568, 139 Pac. 586.) Indeed, by its failure to appear, the company admitted the truth of the allegations of the complaint.

7. It is beside the question to say that the general manager of the company was not specifically authorized to execute the company's note, payable to plaintiff for the amount of his claim. The fact is that the note was signed in blank by the vice-president of the company, and filled out and signed by the general manager, but the evidence discloses, further, that before it was delivered the general manager's act was duly ratified.

8. Counsel for defendants contend (1) that the guaranty runs to the bank and not to the plaintiff; (2) that it only assures the payment of plaintiff's account, and not the company's note; and (3) that it is not the personal obligation of any of these defendants. The guaranty is in the following form:

"Agreement.

"We, the undersigned, [as] officers and directors of the United Products Company, a corporation, of Billings, Montana, namely J. A. Morgan, Elmer Summers, Fred Inabnit, A. J. Rehberg, and John Stewart, do hereby guarantee the account owed by the above-named company in the amount of forty-six hundred ninety-two (4,692.00) dollars to F. W. Schauer, of Laurel, Montana. This agreement to be held by the Merchants' National Bank of Billings, Montana, and is not negotiable. This account to be payable according to the tenor and effect of a certain promissory note of the date of May 6, 1920, and due May 6, 1921, in the amount above written.

"Dated at Billings, Montana, this 14th day of May, 1920.

"[Signed]   Fred Inabnit.

"A. J. Rehberg.

"Elmer Summers.

"J. A. Morgan.

"John Stewart."

The meaning of the instrument ought not to be difficult to determine. It guarantees the payment of an account due to the plaintiff. There is not any evidence that the account or note had been transferred to the bank, but, on the contrary, the evidence discloses without question that there had not been any transfer of either. Plaintiff desired to borrow money from the bank upon the security which he was to receive, but the bank refused to accept the unsecured company note as collateral. It was willing, however, to accept the note with this guaranty. There is ample evidence that these facts were made known to the defendants before the guaranty was drafted or signed, and that it was executed in order to meet the plaintiff's requirements. Furthermore, it guarantees the payment of the account according to the terms of the company's note, which was made payable to the plaintiff, and which had not been transferred. Under these circumstances it appears to us manifest that it was the inten-

tion of all the parties that the guaranty should run to plaintiff, in order to enable him to use the note with the guaranty as collateral in the bank, and that the provision of the guaranty that it was to be held by the bank was intended only to prevent plaintiff hawking the security about promiscuously. To construe the guaranty as running to the bank only, when in fact the bank did not have any interest in the note or account at the time the guaranty was executed, would render the guaranty meaningless, and such a construction will not be adopted, unless it is compelled by its very terms themselves. (13 C. J. 539; sec. 7534, Rev. Codes 1921.) Furthermore, the evidence offered by plaintiff indicates that the defendants understood that it was the plaintiff who was demanding the guaranty, and who had refused to accept the note without it. They were dealing with the plaintiff, and not with the bank, or, in other words, it was plaintiff's claim which they understood they were guaranteeing. Section 7540, Revised Codes of 1921, provides: "If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it."

9. It is true that in terms the defendants guaranteed the [15] payment of plaintiff's account against the company, but that they understood that the account was represented by the note is made apparent by the last sentence of their agreement. It was the debt represented by the note which formed the basis of plaintiff's claim. Though there is a technical variance between the pleading and the proof, it is not material, since it could not have prejudiced the defendants in maintaining their defense. (Sec. 9183, Rev. Codes 1921.)

10. At the trial defendants offered to prove that it was the [16] understanding of the parties to the contract that the guaranty was to be deemed merely an assurance on the part of these defendants, constituting the board of directors of the company, that the Schauer account was recognized as

valid, and that the company note representing that account had been executed and delivered by persons duly authorized to act for the company in that behalf. Since by the contract defendants guaranteed the payment of the Schauer account as represented by the note, the evidence offered, if admitted, would have contradicted the terms of this writing. Section 10517, Revised Codes of 1921, provides: "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases: (1) Where a mistake or imperfection of the writing is put in issue by the pleadings. (2) Where the validity of the agreement is the fact in dispute."

The validity of the guaranty is attacked only on the ground of want of consideration, but, as we have observed heretofore, there is ample evidence of a sufficient consideration. The charge is made in the answer that the note was procured through the representation of plaintiff that his property had been delivered to and converted by the company and that this representation was false; but the court was justified in finding from the evidence that the representation was true, and, indeed, no other finding could have been made. The only mistake or imperfection in the writing of which complaint is made is the omission of the word "as" before the words "officers and directors" in the first line of the guaranty. Instead of offering evidence to prove that the word was omitted by mistake, defendants sought to show that they were informed by the general manager of the company that plaintiff merely wanted an assurance that the vice-president of the company had authority to sign the note on behalf of the company and that the Schauer claim was duly recognized. Aside from the objection that the evidence was hearsay, it was excluded properly, as tending to vary and contradict the

terms of the writing. (Sec. 10517, above.) Its only office would have been to substitute for the written guaranty another agreement with entirely different terms and an entirely different effect, and this may not be done. (*Western Loan & Sav. Co.* v. *Smith,* 42 Mont. 442, 113 Pac. 475.)

Complaint is made of the several rulings of the court excluding offered evidence tending to prove the intention of each of these defendants in signing the guaranty. The several offers are in substantially the same form, and one of them will serve for the purpose of illustration. While defendant Inabnit was upon the stand the following offer was made: "We offer to show by the witness that he did not intend to bind himself personally upon the agreement, but that it was expressly stated by Lamb and each of the defendants that the agreement was that of the board, representing the company, and not themselves individually."

The authorities are quite generally in accord in holding that, where there is such ambiguity on the face of an instrument signed by corporate officers as to leave in doubt the question whether the signers meant to bind the principal only, parol evidence is admissible to disclose the circumstances under which the agreement was made, and the true nature of the transaction, in order to show in what character they acted (*Knippenberg* v. *Greenwood,* 39 Mont. 11, 101 Pac. 159; *Western Grocer Co.* v. *Lackman,* 75 Kan. 34, 88 Pac. 527); but if the legal effect of the instrument apparently is to bind the signers personally, and the name of the corporation does not appear in the instrument in such manner as to render it doubtful whether the corporation or the officers were intended to be bound, parol evidence is not admissible to show that the officers signed in their representative capacity (22 C. J. 1236).

If the guaranty be deemed corrected, as suggested by defendants, the words "as officers and directors of the United Products Company" are *prima facie* merely *descriptio personarum.* (*Butte Hardware Co.* v. *Sullivan,* 7 Mont. 307, 16

Pac. 588; *Cope* v. *Minnesota Type Foundry Co.,* 20 Mont. 67, 49 Pac. 387.) Manifestly defendants intended to bind themselves, or they intended to bind the company, and it is elementary that, in order to escape personal liability, they must have contracted so as to bind the company. But, if they intended to bind the company only, the guaranty is meaningless, for the note itself was the solemn obligation of the company to pay plaintiff the amount of his claim, and one's guaranty of his own obligation does not add anything to the security.

At the time the note was executed, and at the time the [18] guaranty was signed, F. A. Lamb was the general manager of the company. It is insisted by defendants that in securing the execution of the guaranty Lamb acted for plaintiff, and therefore declarations made by defendants to Lamb, indicating their intention, and declarations made by Lamb at the same time, are binding upon plaintiff. The evidence discloses that Lamb presented the note to plaintiff and sought to secure its acceptance, that he requested Lamb to secure the guaranty, and that Lamb was instrumental in procuring defendants to execute the instrument. In his cross-examination Lamb testified: "I was acting manager of the company, and I was also acting for Mr. Schauer in getting the guaranty. He instructed me to get it."

When this evidence is read in connection with all the other testimony given upon the trial, it falls far short of establishing agency. Lamb was general manager of the company, engaged in an effort to secure an extension of time upon each of the debts of the company, in order that it might continue in business, and in soliciting defendants to execute the guaranty he was acting in the interest of the company, in complying with the condition upon which plaintiff was willing to grant further time. To hold that by requesting Lamb to obtain the guaranty plaintiff made him his agent, with authority to render nugatory the very security he sought, would distort the transaction from its plain

purpose. Upon the facts this case is not distinguishable from the case of *Marx & Blum* v. *Luling Co operative Assn.,* 17 Tex. Civ. App. 408, 43 S. W. 596. The offered evidence was properly excluded.

The judgment entered in this action is for $4,692 and [19] legal interest. It also awards to plaintiff an attorney's fee of $500. The note delivered to plaintiff with the guaranty provided for a reasonable attorney's fee, if the note was placed in the hands of an attorney for collection. This action is upon the guaranty. The provision for an attorney's fee relates only to proceedings to collect the note, and since the action is not upon the note the attorney's fee was improperly allowed. (*Cooke* v. *Mesmer,* 164 Cal. 332, 128 Pac. 917; 28 C. J. 967.)

The other assignments do not merit special consideration.

The cause is remanded to the district court, with directions to modify the judgment by eliminating the provision for attorney's fees, and, as so modified, it will stand affirmed. Each party will pay his own costs of this appeal.

*Modified and affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.

Rehearing denied July 3, 1923.